GLADNEY, Judge.
This appeal by Claude L. Robinson is from a default judgment rendered against defendants in the lower court.
On October 17, 1958, Leslie Ardoin filed suit against Claude L. Robinson and Dental Services and Investment Corporation for the sum of $6,250, alleging he paid said amount to the defendants pursuant to a contract entered into with defendants’ agent, George Mitchell, under the terms of which agreement he was to receive five thousand shares of the common stock in the aforesaid corporation, and an additional five thousand shares from Claude L. Robinson, and would be made a member of the Board of Directors of the corporation; that said agreement was confirmed by Robinson in a telephone conversation with George Mitchell and in reliance thereupon, the above stated consideration was paid; that the agreement was entered into on the 24th day of April, 1958, and thereafter on May 8, 1958, Robinson wrote confirming the contract and forwarded to plaintiff a stock certificate for five thousand shares of the stock; that on the same date Robinson assured plaintiff title to the additional five thousand shares of stock being held in escrow in the First National Bank of Shreveport would be transferred to his name, and also that he, Ardoin, would be elected to the Board of Directors of said corporation within the next week or ten days following the date of said letter. The petition further alleged that plaintiff neither received the additional stock, nor was elected to the Board of Directors in accordance with the contract, and that on September 24, 1958, plaintiff wrote the defendants, Robinson and Dental Services and Investment Corporation, formally tendering the stock certificate for five thousand shares which he had received with Robinson’s letter of May 8, 1958, and demanding restitution of the $6,250.
The court minutes show that preliminary entry of default was made on November 14th and confirmation thereof with judgment rendered and signed on November 26, 1958. Nine exhibits were filed in proof of plaintiff’s claim. These appear in the record and include the purchase agreement for the stock; Robinson’s letter of May 8, 1958, promising plaintiff that a meeting of the Board of Directors of the corporation would be called and he woud be officially elected a member thereof, enclosing a paper promising to confer ownership of five thousand additional shares of stock, and photostatic copies of the aforesaid check deposited to the account of Dental Services and Investment Corporation; a letter addressed to plaintiff from Claude L. Robinson, dated September 4, 1958, wherein the latter again assured plaintiff he would be elected to the Board of Directors of the corporation; and letters from plaintiff’s attorney, addressed to both defendants in this suit, tendering the stock certificate and demanding return of the money paid to said corporation. Postal return receipts disclose that the last mentioned letters were refused by defendants. Also filed in evidence was stock certificate No. 7, standing in the name of Leslie Ardoin and signed by appellant as president of defendant corporation, for five thousand shares of corporate stock in said corporation. Following the rendition of the judgment on November 26, 1958, Robinson timely filed, on December 1, 1958, a motion or application for rehearing and new trial.
In the motion so filed, which was signed by Charles M. Peters, attorney for the ap-pearer, Claude L. Robinson, it was asserted: “That when appearer was served and cited to appear in this proceeding and make answer hereto appearer took the said pleadings to undersigned counsel, and discussed same with him; that following said discussion appearer believed that he zvas being represented in this matter by undersigned counsel, and undersigned counsel did *107 not understand that he was being retained to represent appearer herein; that solely because of the misunderstanding on the part of appearer and said counsel no answer was filed herein, a preliminary default was entered, which was confirmed on November 26, 1958 as aforesaid.” (Emphasis supplied.) The motion further stated that the five thousand shares of capital stock held in escrow were transferred to plaintiff as agreed, and that appearer was informed and believed that plaintiff was elected to membership of the Board of Directors of said corporation. Plaintiff filed an answer to the motion wherein he denied the aver-ments of the motion. The minutes indicate no corroborative evidence was tendered on the hearing, and on December 8, 1958, the motion was argued, submitted and overruled by the judge a quo. Thereafter, this devolutive appeal was taken on behalf of defendant, Robinson.
In brief and argument to this court appellant earnestly insists that error was committed by the trial judge in refusing appellant’s application for a new trial and rehearing, and that the rendition of a personal judgment against appellant is contrary to the law and the evidence.
The record reveals this judgment was rendered prior to the effective date of the Louisiana Code of Civil Procedure. However, as we interpret the provisions of the Louisiana Code of Practice and the Louisiana Code of Civil Procedure pertinent to the question herein involved, there has been no change in the procedural law. The LSA-Code of Civil Procedure, Article 1972, provides that upon contradictory motion for a new trial by any party there exist certain peremptory grounds therefor: (1) Where the judgment appears clearly contrary to the law and the evidence; (2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or (3) In jury cases, as provided in Article 1814. The latter article provides for a new trial on showing of misconduct by a jury, such as where it is proved that the jury was bribed or has behaved improperly so that impartial justice has not been done. The discretionary grounds set forth in Article 1973 are the basis for a new trial in any case where there is good ground therefor, except as otherwise provided by law. The foregoing Codal provisions thus disclose that the relief in the instant case was sought by virtue of Article 1973 and was discretionary with the district court.
The appellate courts of this state have frequently granted this relief on appeal where the interests of justice would be better served by affording a litigant an opportunity to be heard. Nessans v. Colomes, 1912, 130 La. 375, 57 So. 1010; Burthe v. Lee, La.App.Orleans, 1934, 152 So. 100; Succession of Robinson, 1936, 186 La. 389, 172 So. 429; Weinberger Sales Company, Inc. v. Truett, La.App.Orleans, 1941, 2 So.2d 699. The jurisprudence, however, clearly indicates adherence to the general rule that appellate courts ordinarily will not interfere with the discretion of the trial judge, except where it is clearly indicated that an injustice may result or substantial rights lost through strict application of procedural rules and processes.
A case strongly relied upon by appellant is Bell v. Holdcraft, La.App.2d Cir., 1940, 196 So. 379, wherein this court granted a new trial. Therein counsel for appellant presented the following argument: “Appellant shows that a great injustice has-been done him through a misunderstanding between him and his attorney, and he has been thereby deprived of his day in court and of the right to appear and present his defense.” In the instant case counsel argues this ruling is decisive of the appeal herein presented. We cannot agree. In the Bell case the attorney for the defendant had been presented with positive evidence, consisting of receipts marked “paid”, which showed that he had previously paid the full amount he was being sued for, and furthermore, as evidence of his employ *108 ment of counsel, the latter had filed in his behalf a plea of prescription. The instant case is clearly distinguishable for herein there was no neglect or laches on the part of appellant’s attorney. The motion for a new trial avers Robinson believed he had employed the attorney, but it also discloses the attorney did not have such an itnder-standing. Militating against appellant’s position are the significant facts that appellant was served on or about October 17th, entry of default was not had until November 14th, and judgment not rendered until November 26th. Appellant’s motion represents no more than that during this period of time appearer called upon his attorney, discussed the case with him and thought he had employed him. Despite his averred concern, appellant did not return to his attorney or otherwise contact him for the purpose of determining what pleadings should be filed on his behalf. In consequence of the above circumstances, we are of the opinion that Bell v. Holdcraft does not resolve this case in plaintiff’s favor.
In the other cases cited above the reported decisions are concerned with instances of unusual circumstances which justified the granting of new trials. This was true in the above cited Burthe, Nes-sans, and Weinberger Sales Company cases. We do not thing it necessary to review these cases. They are predicated on grounds which disclosed a miscarriage of justice or some neglect on the part of appellant’s attorney. None of these grounds are presented on this appeal.
The exhibits filed in evidence upon the confirmation of the default, as previously outlined herein, leave no doubt the judgment is supported by proof of the existence of the contract and of the defendants’ breach thereof.
 Counsel for appellant argues that an official of a corporation, in the absence of fraud, malfeasance or other wrongdoing, does not personally become liable on the obligation of the corporation with which he is affiliated. Cited in support of this rule is 18 C.J.S. Verbo Corporations § 4, p. 368; 19 C.J.S. Verbo Corporations § 839, p. 262; La Parie v. Totora, La.App. Orleans, 1953, 62 So.2d 658; Air Waves, Inc. v. Link, La.App. 1st Cir., 1956, 89 So. 2d 422. We agree with the stated rule of law, but it is without application herein for the record reveals the personal obligation of Robinson to deliver the stock held in escrow. He was president of defendant corporation, and obviously still its president, and directing head. Undoubtedly, the escrow stock herein involved was subject to his complete control irrespective of its ownership. Even if Robinson acted solely on behalf of the corporation, it is apparent that he will not be subjected to personal financial loss forasmuch as the stock delivered to plaintiff has been tendered back to the corporation, the escrow stock is still under his control, and payment of the judgment will erase the debt as to both defendants.
It must be assumed that the trial judge, in refusing appellant’s application for a new trial or rehearing, after full argument, considered that no injustice was being done by his refusal to grant the motion, and likewise, it is clear from the record before this court that no hardship will result. Accordingly, it is our opinion that the judgment from which appealed is correct, and should be affirmed at appellant’s cost.