145 So.2d 664 (1962)
Delphine STROBEL
v.
Hans K. W. SCHLEGEL and William Russell and Indemnity Insurance Company of North America.
No. 787.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied October 29, 1962.
Certiorari Denied December 10, 1962.
*665 Dart & Collins, Henry P. Dart, III, New Orleans, for Hans K. W. Schlegel, defendant-appellant.
Frank J. D'Amico, New Orleans, for plaintiff-appellee.
Lemle & Kelleher, Dermot S. McGlinchey, New Orleans, for William Russell and Indemnity Insurance Company of North America, defendant-appellee.
Before FRUGÉ, MENUET, and ELLIS, JJ.
FREDERICK S. ELLIS, Judge pro tem.
This is a suit for personal injuries suffered by plaintiff Delphine Strobel while riding as guest passenger in an automobile owned and driven by William Russell. The action is brought against Mr. Russell and his insurer, Indemnity Insurance Company of North America, and Hans K. W. Schlegel, the owner and operator of the other vehicle involved in the accident. From the testimony, it appears that Mr. Russell had stopped his car at the corner of Canal Street and North Scott Street in New Orleans, and was awaiting an opportunity to make a left turn. Mr. Schlegel, who was driving the car behind Mr. Russell struck the Russell car in the rear.
As a result of the collision, Miss Strobel alleges a whiplash type of injury to her neck, which has caused her considerable pain and discomfort since the date of the accident.
There is no doubt that Mr. Schlegel's negligence in failing to keep his automobile under control and avoid striking that of Mr. Russell was the sole and proximate cause of the accident. The ultimate liability of Mr. Schlegel is not seriously contested by counsel.
The two main contentions made by appellants are first that the trial court erred in not granting a new trial to appellant and second that the damages awarded were excessive under the circumstances.
The record reveals that immediately following the trial of the case judgment was rendered in favor of plaintiff and against *666 defendant Schlegel in the amount of $1503.11. Counsel for appellant then proceeded to contact certain witnesses whose testimony would tend to rebut certain facts testified to by the plaintiff. He obtained affidavits from two of these people and attached them to his application for a new trial. The court denied the motion for a new trial and signed a judgment in accordance with the oral reasons rendered by it on the day of the trial.
After the signing of judgment, plaintiff obtained an order for the taking of depositions of four persons including the two who made the above-mentioned affidavits, under the provisions of Article 1437 of the LSA-Code of Civil Procedure.
In his motion for a new trial, appellant alleged that he had discovered since the trial evidence important to the cause which could not have been obtained before or during the trial with due diligence. Two affidavits were filed on the day of the hearing on the application for a new trial, the first of these made by a doctor whom Miss Strobel had testified that she had seen subsequent to the date of the accident. The affidavit by the doctor reveals that he had not seen Miss Strobel subsequent to the accident. Miss Strobel had further testified that she was forced to miss graduation at John McDonough High School because of the accident. The other affidavit is by the principal of that school attesting to the fact that, according to the records of the school, Miss Strobel was dropped because of poor scholarship and attendance.
According to the argument of counsel, the other persons from whom depositions were taken would have testified to the fact that Miss Strobel showed no effects whatsoever from the accident on various occasions subsequent to the accident, when according to her own testimony she was confined to bed as a result thereof.
The law pertaining to new trials is set forth in Article 1971 et seq. of the LSA-Code of Civil Procedure. Articles 1972 and 1973 set forth the grounds for the granting of a new trial.
"Art. 1972. Peremptory grounds
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
"(1) Where the judgment appears clearly contrary to the law and the evidence;
"(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
"(3) In jury cases, as provided in Article 1814."
"Art. 1973. Discretionary grounds
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
Article 1972 sets forth the mandatory grounds for which a new trial must be granted. Section (2) thereof is the ground on which appellant relies. Although the new Code of Civil Procedure was only recently adopted, that portion of it dealing with new trials has made no change in the law as it existed prior to its enactment into law. Ardoin v. Robinson, 129 So.2d 105, 107 (La.App.1961).
As developed by the courts of this state, Section (2) of Article 1972 has been interpreted to mean that a new trial must be granted only if the evidence offered meets certain requirements. It may not be merely cumulative. Deimel v. Etheridge, 198 So. 537 (La.App.1940). It must be such that it would tend to change the result of the case. Miller v. Miller, 160 La. 936, 107 So. 702 (1926).
Under Article 1972, it must be important to the cause, it must have been discovered since the trial, and it must be shown that it could not with due diligence have been discovered before or during the trial.
*667 Diligence in Louisiana law means doing everything reasonable, not everything possible. Cameron v. Lane, 36 La.Ann. 716, 721 (1884). In the case of Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955), the Supreme Court further enlarged on the above as follows:
"For a new trial to be granted on the ground of newly discovered evidence, the party praying for it must show clearly that he discovered this evidence after the trial, and that he used every effort and all diligence in his power to timely procure the necessary evidence, and, if his vigilance is in doubt, his application must fail. See Art. 560, La. Code Pr.; Berger v. Spalding, 13 La. Ann. 580."
The newly discovered evidence offered herein by appellant fails to meet the tests prescribed by law in several respects. Although not merely cumulative in nature, it serves only to rebut and not to create new issues or develop new facts. The only effect on the result of the case might be a reduction of the award to the plaintiff, but it could not change the basic fact of defendant's liability to plaintiff.
We are further of the opinion that, with due diligence, the evidence could have been available to appellant at the time of the case. It is not contended that any of the many pre-trial discovery devices were utilized by appellant, and plaintiff was never subjected to an examination by a physician acting on behalf of appellant.
We are aware that under Article 1973 of the LSA-Code of Civil Procedure, the trial court has wide discretion in granting new trials when such a course of action would best seem to serve the ends of justice. The appellate courts will not interfere in such a matter unless there has been a clear abuse of this discretion. Ardoin v. Robinson, supra.
The instant case clearly does not fall within the mandatory language of Article 1972, and certainly no abuse of discretion on the part of the trial court in refusing to grant a new trial has been shown.
As said in Bond v. City of Baton Rouge, 129 So.2d 887 (La.App.1961):
"It is elementary that the law does not favor a multiplicity of litigation and that a litigant having been afforded a day in court will not be granted a second opportunity in the absence of good and compelling reasons."
Turning now to the question of quantum, we find that the trial court awarded the sum of $1200.00 for the pain and suffering of the plaintiff, and $303.11 as special damages.
According to the unrebutted medical testimony in the record, plaintiff suffered a loss of spinal curvature, due to muscle spasm, and underwent treatment for a period of thirteen months, making a total of nineteen visits to her doctor. Without considering the testimony of plaintiff at all, these findings are more than sufficient to justify the award of $1200.00 made by the trial judge.
With respect to the special damages awarded herein, appellant complains that the $65.00 bill from Dr. Dozier, which was testified to by the plaintiff, was not substantiated in any way. A review of the record reveals that this contention is correct. It would appear that the only items which were properly proven were the bill of Dr. Salatich for $160.00, the bill of Drs. Duhe and Garcia for $40.00, and the drug bill of $38.11. This makes a total of $238.11 which we feel has been properly proven. Accordingly, the judgment is amended so as to reduce the amount of same from $1503.11 to $1438.11, and as amended is affirmed.
Amended and affirmed.