CULPEPPER, Judge.
This is a workmen’s compensation case. The plaintiff seeks benefits for total and permanent disability resulting from an accident arising out of his employment by the defendant, Roland Trosclair, Jr. From an adverse judgment, plaintiff appealed.
The substantial issue on appeal is whether plaintiff’s disabling back condition is the *210 result of non-work-connected arthritic changes, or of a herniated disc caused by the accident.
The plaintiff had been employed as a laborer, in Trosclair’s seafood canning plant near Cameron, Louisiana, for approximately 6 years. He is now about 40 years of age. On the day of the accident, November 20, 1964, he was washing the shrimp pealing machine with a water hose. He leaned over to wash beneath the machine and, upon straightening up, felt a pain in his hack. Someone took him home and the next day he was seen by Dr. Cecil Clark, a general practitioner of Cameron. This physician’s initial diagnosis was a lumbar strain, which was “not very severe”.
X-rays ordered by Dr. Clark from Dr. John Romero, Jr., a radiologist of Lake Charles, were interpreted by both doctors as showing a severe pre-existing arthritic condition of the “L-l through L-S, S-l” vertebrae, without evidence of any disc injury. The treatment prescribed by Dr. Clark consisted of diathermy and drugs for pain and muscle relaxation.
On January 15, 1965, plaintiff returned to work at the canning plant, but performed only light duties. Compensation payments were stopped, but he received wages in lieu thereof. Then, during the latter part of April, or the first part of May of 1965, the plaintiff was discharged by Trosclair for refusing to work on Sunday in the unloading of a shrimp boat. On May 5, 1965, plaintiff was released by Dr. Clark as being able to return to his former work.
After being discharged by Dr. Clark, plaintiff worked as a webb spreader on a “pogy boat” from May through August of 1965. This was strenuous work and was performed during long fishing trips into the Gulf of Mexico. He left the pogy boat in August or September of 1965 and has not worked since.
In September of 1965, plaintiff returned to Dr. Clark, complaining of back pain. Dr. Clark found a mild diabetic problem, but said the severe arthritic condition was causing the pain. He found no disc pathology-
On October 4, 1965, plaintiff was examined by Dr. Charles V. Hatchette, an orthopedist of Lake Charles, pursuant to the request of plaintiff’s attorney. X-rays taken on this occasion showed the severe arthritic condition of the lumbar spine.
To determine whether there was any disc herniation, or other space-occupying lesions in the lumbar spine, Dr. Hatchette and Dr. Frank Marek, a radiologist, performed a myelogram on March 22, 1966. Both doctors interpreted the test as negative for disc hernia. They found he was disabled for hard manual labor, but gave severe arthritis as the cause.
On March 11, 1966, plaintiff was examined by Dr. Norman T. Morin, an orthopedic surgeon, at the request of the defendant insurer. From a review of the history, the previous x-rays, and the myelo-gram, together with his own x-rays and clinical examination, Dr. Morin concluded there was no disc herniation. He found complete calcification between L-2, L-3 and L-4, and hypertrophic spurs at the L-4, L-5 level. On the x-rays of the myelo-gram he found a “mild indentation” of the spinal column at the L — 4, L-5 level, but interpreted this as resulting from the hyper-trophic spurs, producing a bulge of the ligaments, rather than from disc herniation.
In an effort to overcome the effect of the above expert medical testimony, plaintiff relies on Dr. Homer D. Kirgis and Dr. Jack Wickstrom. Dr. Kirgis, a specialist in neurosurgery at Ochsner Clinic in New Orleans, examined the plaintiff on January 7, 1966. He interpreted the x-rays of the myelogram, performed by Drs. Hatchette and Marek, as showing a “mild bulging” of the disc between L-4 and H-5. Based on the history, his own clinical examination, the myelogram and the x-rays, Dr. Kirgis diagnosed a herniated disc and said it was probably caused by the accident, i Substan *211 tially, this was the same opinion expressed by Dr. Wickstrom, an orthopedist in New Orleans.
In argument before this court, counsel for the plaintiff stresses the opinion of Dr. Kirgis that the herniated disc is at L-4 h-5; whereas the principal arthritic condition, found by the doctors for the defendant, was in the first, second and third lumbar levels. However, we think that counsel for defendant has adequately answered this argument by pointing out, as we have already stated above, that Drs. Clark, Mar-ek, Hatchette, and Morin all found some arthritic involvement as low as D-5.
We agree with the following conclusion reached by the trial judge:
“As we review the testimony presented in this case in its entirety, both lay and medical, this Court concludes that the plaintiff has failed to sustain the burden of proof in maintaining his action for permanent total disability resulting from the injury received while employed by the Trosclair Canning Company. We come to this conclusion after reviewing, the work history of the plaintiff subsequent to the alleged accident, and the medical testimony of the treating physicians and the physician who administered the myelogram tests around which the principle dispute exists.”
A final issue concerns plaintiff’s application for a new trial. The trial judge’s written opinion was filed on July 22, 1966 and final judgment signed on September 12, 1966. On September IS, 1966, plaintiff' filed an application for a new trial, alleging that he had made an appointment to. see Dr. R. C. L. Robertson, a neurological’ surgeon, of Houston, Texas; and that a. new trial should be granted for the pur-, pose of allowing the introduction of Dr. Robertson’s testimony. At the hearing of' the motion for a new trial, on October 6,. 1966, the plaintiff argued that a new trial' should be granted for the purpose of introducing into evidence a report by Dr. Robertson of his examination of plaintiff' on September 23, 1966. The trial judge denied the motion for a new trial, holding-that the alleged new evidence was merely cumulative and could have been discovered with due diligence before or during the-trial, LSA-C.C.P. Art. 1972; Strobel v. Schlegel, 145 So.2d 664 (4th Cir. 1962).
The plaintiff has attached Dr. Robertson’s report to the record, under the provisions of LSA-C.C.P. Article 1636. A review thereof convinces us that it is merely-cumulative and could have been discovered by due diligence before or during the trial. Hence it is not new evidence within the-meaning of LSA-C.C.P. 1972.
For the reasons assigned, the judgment-appealed is affirmed. All costs of this ap--peal are assessed against the plaintiff ap--pellant.
Affirmed.
On Application for Rehearing*
En Banc. Rehearing denied.