297 So.2d 234 (1974)
Irving M. CHAUVIN, Plaintiff and Appellant,
v.
Catherine Tullah CHAUVIN, Defendant and Appellee.
No. 4605.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
*235 Harold L. Savoie, Lafayette, for plaintiff and appellant.
Ashton J. Landry, Lafayette, for defendant and appellee.
Before FRUGÉ, DOMENGEAUX, and WATSON, JJ.
DOMENGEAUX, Judge.
Irving M. Chauvin, plaintiff-appellant, and his wife, Catherine Tullah Chauvin, defendant-appellee, were judicially separated on October 2, 1972. Plaintiff husband obtained the separation on the basis of abandonment and in the same judgment his wife was granted alimony pendente lite in the sum of $200.00 per month. Plaintiff appealed that judgment to this court, which we affirmed at 282 So.2d 869 (La.App. 3rd Cir. 1973). During the pendency of this appeal defendant wife filed a petition seeking a rule for contempt and to make all past due alimony executory. On December 12, 1973, a judgment was obtained making executory the $1,200.00 past due alimony. Plaintiff subsequently filed a motion for a new trial, which was denied on January 21, 1974. From said judgment plaintiff has appealed once again to this court.
On the motion for a new trial plaintiff attached a short affidavit asserting essentially, as stated in his petition, that after the trial on the contempt rule he discovered evidence to the effect that his wife had, during the period in which he allegedly was not making alimony payments, been receiving monthly checks from his Veteran's Administration and Social Security benefits, totalling over $1,200.00. He further stated that records of the payments were of a confidential nature and that they were unavailable through subpoena or other means.
Article 1972 of the Code of Civil Procedure provides for the granting of a new trial where the party had discovered, since the trial, evidence important to the case, which he could not, with due diligence, have obtained before or during the trial.
This has been interpreted in the jurisprudence to mean that a new trial must be granted on the grounds of newly discovered evidence where such evidence is not merely cumulative, would tend to change the result of the case, was discovered after the trial, and could not with due diligence have been discovered before or during the trial. Strobel v. Schlegel, 145 So.2d 664 (La.App. 4th Cir. 1962).
*236 From the record, however, it is clear that the alleged fact of plaintiff's wife receiving Social Security and Veteran's Administration benefits was known prior to and at the trial of the rule for contempt. This is testified to by the plaintiff himself. The only additional evidence allegedly in plaintiff's possession at this time is the exact amount of payments his wife received. It also seems evident that with reasonable diligence the plaintiff could have procured such evidence in some form for trial.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's costs.
Affirmed.