317 So.2d 285 (1975)
Daisy R. SCARBROCK, Plaintiff-Appellee,
v.
Andrew FOWLER et al., Defendants-Appellants.
No. 5087.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Rehearing Denied August 28, 1975.
*286 David A. Sheffield, Alexandria, for defendants-appellants.
J. Michael Percy of Polk, Foote, Randolph, Percy & Ledbetter, Alexandria, for plaintiff-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This is a possessory action brought by Daisy R. Scarbock against two brothers, Andrew and Edgar Fowler. Suit was filed on July 19, 1972, wherein it was alleged that plaintiff was disturbed in her possession of certain lands located in Rapides Parish, Louisiana, by defendants on June 8, 1972. She contended that the defendants entered and trespassed upon her lands with a bulldozer and other heavy equipment and tore down fences which she had erected, damaging valuable timber and other portions of the property. Plaintiff further alleged quiet and uninterrupted peaceful possession of this land for more than one year prior to the disturbance. The suit sought recognition of her right to possession of the property, in addition to recovery of damages for loss or harm to the property, and for harassment, embarrassment, humiliation, and mental anguish, in the amount of $2,000.00.
Subsequent to a trial on the possessory action, the district judge, in a thorough and well-written opinion, granted judgment in favor of the plaintiff, recognizing her right of and restoration to the quiet and peaceful possession of the immovable property in question, granting damages in the amount of $12 for destruction of her fence, and $2,000 to compensate her for her harassment, mental anguish, etc. He denied plaintiff's claim for loss of timber, as not being proved.
Defendants have appealed. The plaintiff has neither appealed nor answered the appeal.
Defendants allege the following errors on the part of the trial court:
(1) In concluding that the plaintiff had established that she was in continuous uninterrupted possession of the lands in question for one year prior to June 8, 1972, the date of the alleged disturbance.
(2) In holding that there was in fact a disturbance upon land which was possessed by plaintiff on or about June 8, 1972.
(3) In failing to grant a new trial.
For clarity and ready reference, the following sketch of the area in question will be referred to. The property is situated in *287 Section 67, Township 2 North, Range 1 East, of Rapides Parish, Louisiana. It is conceded that the twenty-two acre tract of land (Tract 1 on the map) belongs to the plaintiff. Tracts 2 and 3 are the disputed areas.

The requisites for a possessory action are set forth in LSA-C.C.P. Art. 3658, which reads as follows:
"To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance."
The first issue we will consider is whether plaintiff sustained her burden of proving that she was in peaceful possession of the property in question for a period in excess of one year prior to the June 8, 1972, alleged disturbance by the defendants. After a lengthy trial, during which a large number of witnesses were heard, the district judge concluded that plaintiff had *288 borne the burden by a "clear preponderance" of the evidence. We agree.
As pointed out by the trial judge, the evidence presented on behalf of the parties was diametrically opposed. The testimony of the plaintiff, and the witnesses called on her behalf, established the following:
In 1967 the land in question (comprising 15 acres) and the undisputed 22 acre tract were surveyed by one Charles L. Beeson on request of the plaintiff's late husband, Louis Scarbrock. At the time, all or most of the acreage was woodland. Early in 1968 the area was cleared and subsequently leased to one Jack Mott who planted soybeans for the next three years. A fence was constructed in 1968 along the southern boundary of the property (from Point A to B on the enclosed map), dividing the Scarbrock tract from the land owned by Andrew Fowler to the south. Mott testified that he farmed up to the fence. "No trespassing" signs were subsequently erected along the fence line. Another land surveyor, Barrett Gremillion, also testified to the effect that he prepared a survey and plat in May, 1968, for Cecil Charrier, the landowner immediately north of the Scarbrock tract. On the Gremillion plat the land in question herein is illustrated as being the same as represented on the Beeson plat. Huey P. Lambright had a lease on the Scarbrock property from 1971 to 1973 (in the latter year, however, releasing his right back to the plaintiff who in turn leased the property to a "Mr. French") and was called by the Court as a witness and cross-examined by counsel for plaintiff and defendants. During his testimony Lambright drew a rough sketch of the approximate 30 acre tract which he farmed, without referring to any of the plats introduced into evidence at trial. As indicated by the trial judge, the rough sketch portrays the area in question with noticeable accurateness and similarity to the plats prepared by the above mentioned surveyors and aerial photographs. Lambright also indicated that a fence existed along the southern boundary of the property (from Point A to B). Barrett Gremillion conducted a second survey of the area in 1974. The resulting plat indicated vestiges of a fence remaining along line A to B, with at least one "Posted NoTrespassing" sign still existing.
Contrarywise, the defendants introduced testimony to the effect that the 15 acre tract in question was possessed in the immediate past only by the defendantAndrew Fowler; that the area was not used as farmland until 1972 (when the defendant Edgar Fowler allegedly cleared the land) since it was overgrown and wooded; that no fence existed along points A to B.
In light of the conflicting testimony, the trial judge found himself in the position of having to make credibility evaluations. His reasons for judgment indicate that he relied heavily on the testimony of Barrett Gremillion and Huey Lambright, both of whom he considered independent witnesses with no interest in the litigation. The trial judge indicated he was "extremely impressed" with the testimony of Lambright. Such weighing of testimony and determination of credibility was certainly within the district judge's wide discretion.
The next question raised is whether plaintiff was disturbed in her possession. The evidence reflects no real issue existing in this regard.
Defendants themselves testified to the effect that on or about June 8, 1972, a clearing operation (ordered by Andrew Fowler and performed by his brother, Edgar Fowler, with bulldozers) took place on what are Tracts 2 and 3 on the enclosed map. Edgar Fowler even admitted that there were fence posts along points A to B, with barbed wire attached, at the time of the clearing operation. Plaintiff and a number of witnesses testified that defendants tore down and destroyed at least two-thirds *289 of the fence and a number of trees along the southern boundary of the Scarbrock property.
The trial judge found such disturbance "by a clear preponderance" of the evidence and we agree. Under the foregoing it is evident that plaintiff has proven the requisites for the possessory action.
The last issue raised is whether the trial judge was in error in refusing to grant the defendants a new trial on the basis of alleged discovery of new evidence which appellants contend show that plaintiff did not possess the land in question through her lessees, immediately prior to the "disturbance".
As we pointed out in Chauvin v. Chauvin, 297 So.2d 234 (La.App. 3rd Cir. 1974):
". . . a new trial must be granted on the grounds of newly discovered evidence where such evidence is not merely cumulative, would tend to change the result of the case, was discovered after the trial, and could not with due diligence have been discovered before or during the trial. Strobel v. Schlegel, 145 So.2d 664 (La.App. 4th Cir. 1962)." LSA C.C.P. Art. 1972.
The trial in the present case stretched over a ten-month period, with all facets of the case having been gone into in detail. We find no showing that with due diligence the purported evidence could not have been discovered before or during the trial. Accordingly, the grounds for granting the new trial were discretionary. LSA C.C.P. Art. 1973. We find no abuse of the district judge's discretion in denying same.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendants-appellants' costs.
Affirmed.