428 So.2d 391 (1983)
Ernie B. BARKER
v.
RUST ENGINEERING COMPANY, J.E. Sirrine Company and Lamb-Grays Harbor Company, Inc. (Two cases).
Nos. 82-C-1071, 82-C-1072.
Supreme Court of Louisiana.
February 23, 1983.
Rehearing Denied April 4, 1983.
*392 Gregory S. Erwin, Bolen & Erwin, Ltd., Alexandria, for relator.
Ralph W. Kennedy, Gorve Stafford, Jr., Russell Potter, Stafford, Stewart & Potter, Edward Rundell, Gold, Little, Simon, Ween & Bruser, Alexandria, for respondents.
DIXON, Chief Justice.
Ernie B. Barker was employed by the Pineville Kraft Corporation paper mill located in Pineville, Louisiana. Barker's duty was to stencil each roll of paper with the weight of the roll and the name of the purchaser as it moved down a conveyor to a turntable. This turntable then turned the rolls onto a second conveyor which moved the rolls toward scales for weighing. On the night of the accident, automatic switches on the turntable and the conveyors malfunctioned, and the rolls on the first conveyor began to back up as they reached the turntable. Barker attempted to cross the conveyor between a stopped roll and a moving roll to reach a manual switch located on the other side of the conveyor. The two rolls of paper collided crushing Barker between them. The rolls weighed approximately four thousand pounds each. As a result, Barker suffered serious pelvic and spinal injuries.
Barker brought suit for his personal injuries, based upon a products liability theory, against Lamb-Grays Harbor Company, Inc., the designer of the paper mill and the designer of the conveyor turntable system; Rust Engineering Company, the company which constructed the paper mill and manufactured and installed the conveyor turntable system; and J.E. Sirrine Company, a company which performed some repairs on the conveyor turntable system. Employers Mutual Liability Insurance Company, the worker's compensation insurer for Pineville Kraft Corporation, filed a petition in intervention for the recovery of worker's compensation and medical benefits paid to Barker. All three of the defendants in the principal demand filed third party demands against each other.
The case was tried before a jury. At the conclusion of Barker's case in chief, the trial court granted a directed verdict in favor of Sirrine on April 29, 1981. This judgment was signed on May 6, 1981. On May 12, 1981 the trial court signed "partial judgments of dismissals of third party demands" which dismissed the third party demands of Rust Engineering and Lamb-Grays against Sirrine and Sirrine's third party demands against Rust and Lamb-Grays.
Trial proceeded against Rust and Lamb-Grays and at the conclusion of the trial the jury rendered a verdict in favor of the defendants, Rust Engineering Company and Lamb-Grays Harbor Company, Inc., on May 1, 1981. The trial court signed this judgment *393 on May 20, 1981. In its judgment, the trial court ruled in favor of the defendants and dismissed Lamb-Grays' third party demand against Rust Engineering and Rust's third party demand against Lamb-Grays.
There was extensive discovery in this case by all of the parties, yet interrogatories propounded by Barker to all of the defendants were never answered by Lamb-Grays. In paragraph five of these interrogatories, Barker requested that Lamb-Grays disclose the existence of any service or maintenance arrangement it might have with Pineville Kraft Corporation.[1] During the third day of trial Barker discovered the existence of a service and maintenance contract Lamb-Grays had entered into with Pineville Kraft. In this contract Lamb-Grays had agreed to provide two service calls per year, at six month intervals. A field representative was available during each visit for inspection of all finishing systems and/or equipment furnished by Lamb-Grays, adjustment of the equipment for maximum system performance, inspection of proper operating methods and procedures, including a training program for operators, advising supervisors and/or management, after a complete review of problems, as to operation, and supervision of major maintenance or repair work.
Since Barker did not know of this contract, he had based his case on a theory of products liability, unaware of the possibility of a contractual duty on the part of Lamb-Grays. Barker was not provided a copy of the contract until June 13, 1981, after he filed his motion for a new trial as to all defendants on May 22, 1981; and then only after the trial court ordered its production.
At the hearing on the motion for a new trial, testimony and evidence demonstrated that prior to trial, counsel for Barker telephoned Lamb-Grays' attorney and asked him to answer the interrogatories. The attorney informed Barker's counsel that the plaintiff had all of the information which counsel for the defendant, Lamb-Grays, possessed. Based upon this assurance, Barker's attorney did not file a motion to compel an answer to the interrogatories. All that Lamb-Grays' attorney had available to him were reports by its personnel which had been written pursuant to the periodic inspections, yet he did not disclose this information to Barker's attorney.
Barker moved for a new trial under C.C. P.1972, based upon the ground of newly discovered evidence. C.C.P.1972(2). The trial court granted Barker a new trial as to Lamb-Grays only on February 23, 1982 and signed this judgment on March 8, 1982. He denied Barker's motion for a new trial against Rust and Sirrine. The trial court did not limit the issues for a new trial. C.C.P.1971. The trial court also, on April 28, 1982, denied Lamb-Grays' motion for a devolutive appeal from the judgment signed May 20, 1981.
Lamb-Grays filed with this court two applications which were granted. The first, 82-C-1071, seeks review of the trial court's judgment, dated March 8, 1982, granting Barker a new trial against Lamb-Grays; the second, 82-C-1072, seeks review of the April 28, 1982 refusal of a devolutive appeal from the dismissal of Lamb-Grays' third party demands. Lamb-Grays contends that the trial court should not have granted Barker a new trial as to it alone, but that if a new trial was properly granted, it should have been granted as to all of the three defendants named in the principal demand. Lamb-Grays also argues that the trial court should have granted its motion for a devolutive appeal because the granting of the new trial as to Lamb-Grays alone will affect its third party demands against Rust and Sirrine, since it will preclude the raising of these third party demands unless Lamb-Grays can preserve these demands by appeal.
In his reasons for granting a new trial as to Lamb-Grays alone, the trial court stated:
*394 "The question of liability was a question to be answered by the jury based upon all the facts, not less than all the facts. Had plaintiff had all the information, the possibility exists that he might have developed evidence that would show improper operation of the system." The trial court also found that Barker had used due diligence in trying to obtain the document.
C.C.P.1972 provides:
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."
The comments indicate that the granting of a new trial under this article is preemptory. C.C.P.1971, Comment (d). A new trial should be granted when there is newly discovered evidence which is not cumulative and which would tend to change the result of the case, and which the party could not know nor could not have discovered before or during trial with due diligence.[2]
Due diligence does not require that a party do all that is possible to discover the evidence; it requires that a party do all that is reasonable to lead to the discovery of the evidence. See Cameron v. Lane, 36 La.Ann. 716, 721 (1884). Although counsel for Barker could have compelled an answer from Lamb-Grays, it was not unreasonable for him to rely upon the assurances of Lamb-Grays' attorney. From the record it appears that counsel for Lamb-Grays, as well as counsel for Barker, was surprised by the discovery of the contract during the third day of trial. Therefore, the trial court did not err when it granted Barker a new trial against Lamb-Grays alone on the ground of newly discovered evidence.
The trial court was correct when it denied Barker's motion for a new trial against Sirrine and Rust. The motion for a new trial was based upon the discovery of the document which does not include as parties to the contract anyone other than Lamb-Grays and Pineville Kraft. Barker's claims against Sirrine and Rust were fully litigated since Barker was not limited in the evidence he could present against them. The trial court was correct when it granted a new trial against Lamb-Grays only. C.C. P.1971.
The trial court did not limit the issues for new trial; however, it was primarily concerned with the possibility of contractual duties on the part of Lamb-Grays. This additional evidence and issue were not before the jury, and there cannot be a full and final adjudication of Lamb-Grays' liability without all of the evidence on all issues before the jury at the new trial. The trial court did not abuse its discretion in not limiting the issues for new trial. C.C.P. 1971.
Lamb-Grays filed a devolutive appeal from the May 20, 1981 judgment in order to preserve its third party demands against Sirrine and Rust. Lamb-Grays' motion for devolutive appeal was dated April 28, 1982. This motion for a devolutive appeal from the dismissal of Lamb-Grays' third party demand against Sirrine was not timely. The trial court on May 12, 1981 signed a partial judgment dismissing Sirrine's *395 third party demands against Rust and Lamb-Grays and dismissing their third party demands against Sirrine. "In cases involving multiple parties, the Code of Civil Procedure contemplates that judgments against some, but not all parties to a proceeding, may be rendered without waiting for a decision on all issues as to all parties...." Wright v. Mark C. Smith & Sons, 283 So.2d 85, 92 (La.1973); C.C.P. 1915. To prevent this judgment from becoming final, an appeal must have been taken within the delay fixed by law. C.C.P. 2087 and 2123; Wright v. Mark C. Smith & Sons, supra at 92. The time for Lamb-Grays to appeal the dismissal of its third party demand against Sirrine expired on July 20, 1981. Therefore, Lamb-Grays was not entitled to a devolutive appeal from the dismissal of its third party demand against Sirrine because the April 28, 1982 motion was untimely.
However, Lamb-Grays should have been granted a devolutive appeal from the dismissal of its third party demand against Rust, and the trial court erred when it denied this motion. Lamb-Grays' third party demand against Rust was dismissed in the judgment of May 20, 1981. The motion for a new trial on May 22, 1981 by the plaintiff against all defendants suspended the finality of the May 20, 1981 judgment. C.C.P.1971, 2087, 2123; Thurman v. Star Electric Supply, Inc., 283 So.2d 212, 216-17 (La.1973). When the trial court denied Barker a new trial as to Sirrine and Rust and granted a new trial as to Lamb-Grays only, on March 8, 1982, the only manner by which Lamb-Grays could preserve its claims against Rust was to file a devolutive appeal from the dismissal of its third party demand against Rust. Therefore, Lamb-Grays had sixty days from March 8, 1982 to move for a devolutive appeal. The motion for a devolutive appeal of Lamb-Grays' third party demand against Rust on April 28, 1982 was timely and should have been granted by the trial court. The trial court denied this motion for a devolutive appeal reasoning that Bond v. Commercial Union Assurance Companies, 387 So.2d 617 (La. App.1980), governed the situation. Bond merely provides that the winner of a case cannot appeal; it has no bearing upon the present case. When a new trial was granted against Lamb-Grays alone it was no longer the winner and the only way for it to preserve its third party demand against Rust was by appeal. The trial court should have granted a devolutive appeal from the dismissal of Lamb-Grays' third party demand against Rust.
For these reasons, the judgment of the trial court is affirmed in part and reversed in part. The granting of a new trial as to Lamb-Grays Harbor Company, Inc. only, and the denial of a devolutive appeal from the dismissal of Lamb-Grays' third party demand against J.E. Sirrine Company are affirmed. The denial of a devolutive appeal from the dismissal of Lamb-Grays' third party demand against Rust Engineering Company is reversed, the appeal is granted, and the case is remanded, at the cost of Lamb-Grays Harbor Company, Inc.

ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant/third party plaintiff Lamb-Grays Harbor Company, Inc. applies for a rehearing complaining that the relief afforded by our original opinion, granting Lamb-Grays' devolutive appeal from the dismissal of its third party demand against Rust Engineering Company, while otherwise affirming the judgment of the district court granting plaintiff a new trial against Lamb-Grays only, does not allow Lamb-Grays to third party Rust in the retrial of the case.
We disagree with Lamb-Grays' contention in this regard, and accordingly deny its application for rehearing. Our granting Lamb-Grays' devolutive appeal from dismissal of its third party demand against Rust Engineering Company prevents the trial court judgment dismissing that third party demand from becoming final. Lamb-Grays may therefore assert and try that third party demand against Rust Engineering Company when this lawsuit is retried in the district court.
LEMMON, J., concurs with reasons.
*396 LEMMON, Justice, concurring.
Lamb-Grays' third party demand has never been adjudicated because the trial court in the original trial never reached the issues raised by the third demand. The demand was improperly dismissed as a housekeeping procedure when the principal demand was dismissed, but the granting of the new trial on the principal demand against Lamb-Grays automatically reinstituted Lamb-Grays' third party demand (even if Lamb-Grays had not appealed). The judgment (dismissing a third party demand that was never reached in the adjudication of the merits) simply cannot serve to bar by res judicata the reassertion of that nonadjudicated demand.
NOTES
[1] "INTERROGATORY NO. 5: Please state whether or not The Rust Engineering Company, J.E. Sirrine Company and Lamb-Grays Harbor Company, Inc. engage in the service of any of the machines or equipment that comprise the conveyer system at the Pineville Kraft Corporation, Pineville, Rapides Parish, Louisiana."
[2] For the proposition that the newly discovered evidence should not be cumulative see Teutonia Bank & Trust Co. v. Heaslip, 138 La. 860, 867, 70 So. 861, 863 (1916); Chauvin v. Chauvin, 297 So.2d 234, 235 (La.App.1974); Strobel v. Schlegel, 145 So.2d 664, 666 (La.App.1962); Deimel v. Etheridge, 198 So. 537 (La.App.1940). For the requirement that the newly discovered evidence should tend to change the result of the case see Miller v. Miller, 160 La. 936, 942, 107 So. 702, 704 (1926); Chauvin v. Chauvin, supra at 235; Strobel v. Schlegel, supra at 666. And, for the requisite that the party did not know nor could not have discovered before or during trial with due diligence the newly discovered evidence see C.C.P.1972; Succession of Bonner, 192 La. 299, 315, 187 So. 801, 806 (1939); Smith v. Crawford, 10 Mart. (O.S.), 81, 83 (1821); Chauvin v. Chauvin, supra at 235-36; Strobel v. Schlegel, supra at 666.