JiPLOTKIN, Judge.
Plaintiff Dashon Harris[1] appeals a trial court judgment dismissing his suit against the defendants, the Orleans Parish School Board, members of the Booker T. Washington High School football coaching staff, all of whom are school board employees and others (hereinafter collectively referred to variously as “defendants” or “OPSB”). Finding that the trial court improperly denied Harris’ motion for new trial without considering- pertinent evidence, we remand for reconsideration of the motion for new trial.

Facts

Harris was a defensive back for Booker T. Washington High School’s football team at the time of the accident. During the October 28, 1984 game with John McDonough High School, Harris suffered an axial load compression fracture when he tackled a John McDonough player. The only cause of an axial load ^compression fracture is a direct impact to the top or crown of the head which travels through the vertebral axis directly to the tailbone.
■ Harris sued the defendants, alleging that the Booker T. Washington football coaching staff improperly taught him and other players to perform “spear” (head) tackling and/or face mask tackling. Moreover, Harris claimed that the coaches failed to retrain players who improperly engaged in spear tackling or face mask tackling. Harris further claims that he was performing a spear tackle maneuver at the time his injury occurred.
After a nine-day trial, the trial judge ruled in favor of the defendants, dismissing Harris’s suit. Harris appeals, making the following two assignments of error: (1) the trial court improperly failed to grant his motion for new trial based on newly-discovered evidence, and' (2) the trial court improperly entered judgment on the merits in favor of the defendants.

Denial of motion for new trial

After the trial in this matter, Harris initially filed a motion for new trial, claiming that he had discovered new evidence in the form of a witness who had previously been employed by the defendants, Coach Gilbert Bennett, Jr. Harris claimed that he personally had found Coach Bennett after the trial on the basis of information he had learned during the trial from another witness. In his motion for new trial, Harris asserted that Coach Bennett’s testimony would have supported his version of the case. The motion for new trial was supported by Harris’s affidavit asserting that Coach Bennett had admitted to him that Booker T. Washington players “were regularly taught to tackle with their heads and to put their ‘cages’ in the other players [sic] bodies.” In response to Harris’s motion, the |3trial court allowed Harris to supplement his motion for new trial *225 with the deposition testimony of Coach Bennett.
While the motion for new trial was pending, Harris filed a “Motion for Leave to File Plaintiffs [sic] Memorandum in Response to Defendants [sic] Opposition to Motion for New Trial.” In that motion, and in his “Supplemental Memorandum in Reply to Defendants [sic] Opposition to Motion for New Trial,” Harris asserted that he had discovered another piece of evidence, a copy of a football game film between St. Augustine High School and Booker T. Washington High School, which game occurred at the beginning of the 1984 football season, the same season in which Harris was injured. Harris claims that the tape contains evidence supporting his contention that Booker T. Washington players repeatedly used the improper spear tackling and/or face mask tackling procedures during that season. Harris’s primary argument in support of his assertions on this issue is that the defendants frustrated his attempts to discover tapes of games played during the 1984-85 season prior to trial by failing to respond to requests for production and motions to compel.
The defendants counter by claiming that Harris never asked the trial court judge to admit the game tape while he was deliberating the motion for new trial. Moreover, the defendants claim that the record is devoid of evidence that they improperly failed to respond to any discovery requests. The primary thrust of their argument is that Harris has failed to show that he could not have discovered the game tape prior to or during trial with due diligence.
In his reasons for denying the motion for new trial, the trial judge found that the plaintiffs failed to show that the defendants conspired to conceal either Coach Bennett’s identity or how to contact him. Harris does not contest this finding on appeal. Concerning the game film, the trial court stated as follows:
|4[T]he plaintiffs have not provided any kind of documentation or competent evidence to show that these films were in existence and the defendants — especially the Orleans Parish School Board — conspired to conceal the existence of such films from the plaintiffs during the discovery process of this case.
La. C.C.P. art.I972 establishes peremptory grounds for which a motion for new trial must be granted. The article provides, in pertinent part, as follows:
Á new trial shall be granted, upon contradictory motion of any party, in the following cases:
******
(2) When the party has discovered, since the trial, evidence important to the cause, which he' could not, with due diligence, have obtained before or during the trial.
A motion for new trial on the basis of newly-discovered evidence should be granted if' the movant proves the following: (1) that the new evidence was discovered after trial, (2) that the new evidence is not cumulative, (3) that the new evidence would tend to change the result of the case, and (4) that the new evidence could not have been discovered, with due diligence, before the trial was completed. Barker v. Rust Engineering Co., 428 So.2d 391, 394 (La.1983); Wright v. Hirsch, 572 So.2d 783, 791-92 (La.App. 4th Cir.1990), writ denied, 576 So.2d 31 (La.1991).
The trial court’s reasons for denying the motion for new trial on the basis of the discovery of the game film are grounded primarily in his finding that Harris failed to prove that the OPSB conspired to conceal the existence of the film. We interpret the trial court’s statement on this issue as a finding that Harris failed to prove the fourth element listed above — i.e., that the new evidence could not have been discovered, with due diligence, before the trial was completed. We disagree with the trial court’s finding on this issue.
|5Generally, the due diligence requirement is satisfied if the record indicates that the party seeking the new trial did “all that is reasonable” to discover the evidence before the end of the trial. See Barker, 428 So.2d at 394. However, the movant is not required to do “all that is possible” to discover the evidence. Id. Like the instant case, the Barker case involved a situation where the opposing party failed to answer discovery *226 requests concerning the requested information prior to trial.
In the instant case, the record is replete with requests from Harris to the defendants, seeking game films from the 1982, 1983, and 1984 Booker T. Washington football seasons. Significantly, the record does not contain any responses to. those requests. In fact, Harris filed two different motions to traverse in a concerted effort to gain possession of films such as the one in question. Finally, Harris filed a post-trial memorandum on spoliation, in which he argued that the defendants’ failure to produce game films should give rise to a presumption that the films would have been detrimental to the defendants’ case.
Under the circumstances, we find sufficient record evidence of due diligence on Harris’s part to gain access to the game films. The trial court judgment denying the motion for new trial on that issue is therefore manifestly erroneous. Because the game film was not admitted or proffered into evidence, we are unable to review the film to determine whether the newly-discovered evi-deuce meets the other three requirements for granting a motion for new trial. Thus, we remand the case to the trial court for consideration of the game film and reconsideration of the motion for new trial.[2]
^Because we are remanding the case to the trial court for reconsideration of the motion for new trial, we pretermit discussion of Harris’s second assignment of error.

Conclusion

The case is remanded for reconsideration of the motion for new trial after the trial court has reviewed the game film which Harris discovered after the trial. All other issues presented by this appeal are preserved to the parties.
REMANDED.

. Harris was substituted as plaintiff for his mother, the original plaintiff, after he reached the age of majority.

. We recognize that Harris’s motion for new trial on the basis of the newly-discovered game film is technically deficient, given the fact that that issue was raised in a memorandum, not in a motion, and was not accompanied by an affidavit. However, both equity and the circumstances of this case prevent us from simply affirming the trial court’s denial of the motion for new trial on the basis of this technical objection. In so holding, we considered the following circumstances: (1) the trial court’s denial of the motion expressed no concern for the technical objection, but only for the authenticity of the film, and (2) the record indicates that the defendants repeatedly failed to even answer Harris's numerous discovery requests on this issue. Since the purpose of a trial is to discover the truth, we find that Harris's right to have the newly-discovered evidence considered outweighs the technical problem.