353 So.2d 1091 (1977)
McVicker M. COLEMAN, Zenobia Coleman Hart and Helen Marie Bailey, Plaintiffs-Appellees,
v.
Irene HENDERSON, Defendant-Appellant.
No. 13405.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
*1092 John M. Stewart, Arcadia, for defendant-appellant.
Goff, Caskey, Butler & Davis by H. Russell Davis, Arcadia, for plaintiffs-appellees.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
In this action plaintiffs, McVicker M. Coleman and his sister, Zenobia Coleman Hart, their vendee, Helen Marie Bailey (originally named as a defendant but now aligned as a plaintiff), and defendant, Irene Henderson, seek to establish the boundaries between their respective properties. Plaintiffs' claims are based on title and defendant's claim is based on possession. From a judgment generally in favor of plaintiffs, defendant appeals. For reasons expressed in this opinion we modify the judgment of the district court and establish the boundaries as claimed by defendant on a finding that defendant and her ancestors in title possessed the property claimed by defendant within visible boundaries for a period of more than 30 years.
In 1907, plaintiffs' father acquired a 10-acre tract described as the East half of the North half of Northwest quarter of Northwest quarter of Section Twenty three (23) Township Eighteen (18) North, Range Seven (7) West, Bienville Parish, Louisiana. By deed dated in 1913 and recorded in 1914, plaintiffs' father sold to defendant's father "Lots Twenty one (21) and Twenty two (22) in Block Three (3) in Stewartville a newly opened annex to the town of Gibsland in Bienville Parish, Louisiana." There is no recorded plat of Stewartville and, therefore, the location and quantity of land intended to be conveyed to and acquired by defendant's father cannot be determined from the records. From 1913 or 1914 defendant's father and his family lived in a house located on the 10-acre tract and he farmed a portion of the land around the house until his death in 1943. Defendant and one or more of her brothers continued to live in the house and to work the land until 1957. A few cows were pastured on the property until the early 1960's, after which defendant continued to live on the property but the land was not worked. It was the understanding of the Henderson family that they owned a 2-acre tract.
In 1971, plaintiffs sold to Bailey a 156 by 156 foot lot in the northwest corner of the 10-acre tract. Defendant's brothers and sister sold their interest in the property to her in 1974. In 1975, defendant had the land surveyed for "a 2-acre tract" and fenced in the 2-acre tract, enclosing the tract deeded to Bailey. Plaintiffs then filed this suit.
The parties stipulated that defendant's tract of land is located within the 10-acre tract and that its boundaries should be determined based upon the extent, nature and duration of possession exercised by defendant and her ancestors in title. The parties further agreed that a survey prepared by Robert E. Jones & Associates dated May 9, 1977, correctly showed various landmarks on the property and that the sole issue at trial would be the determination of boundaries based on defendant's possession.
Essentially, it is defendant's position that her father and then her brothers and herself *1093 exercised possession over an approximately 2-acre tract in the northwest corner of the 10-acre tract for more than 30 years by living on the property and by farming it between visible boundaries consisting of a fence and street on the north, a fence on the east, a terrace row, Mimosa tree and rock piles on the south, and a ditch and old fence on the west, encompassing the tract sold to Bailey. It is plaintiffs' position that defendant's possession to the west and south extended only to an old pasture fence, which would not include the tract sold to Bailey. The trial court, in oral reasons for judgment expressed at the conclusion of the trial, held that the pasture fence was the best evidence of defendant's possession, although acknowledging that defendant or her father had farmed the property west of the fence to the drain. The trial court set defendant's west boundary as the pasture fence but, based on "equity", fixed the southern boundary beyond the pasture fence at the old terrace row.
Fences are not the only visible boundaries sufficient to support acquisitive prescription based on 30 years' possession. A ditch, a hedge, a road, a turnrow, or the like, may be sufficient. LSA-C.C. Arts. 852 and 3475; Bihm v. Voorhies, 241 So.2d 915 (La.App. 3d Cir. 1970); Branch v. Hinson, 183 So.2d 655 (La.App. 1st Cir. 1966); Baudin v. Charrier, 137 So.2d 440 (La.App. 3d Cir. 1962).
The great preponderance of the evidence is that the land outside of the pasture fence to the west and to the south, within the visible boundaries mentioned above, was cultivated by defendant's father from 1913 to 1943 and by defendant and her brothers from 1943 to 1957, a period in excess of 30 years. Numerous witnesses so testified. Conflicting testimony by plaintiff, being virtually unsupported and lacking sufficient clarity as to the area claimed to have been cultivated by or for plaintiff in the 1930's, must yield to defendant's more convincing evidence. Defendant established ownership to the visible boundaries and the boundaries between the parties' respective properties should be established accordingly.
Plaintiffs' recent intermittent activities on the property consisting of a garden crop grown by another person with plaintiffs' permission and possibly the cutting of some pulpwood are of insufficient duration or extent to deprive defendant of the ownership of the land she acquired through acquisitive prescription.
The boundaries should be established on the east, south and west according to the red lines shown on the plat prepared by Robert E. Jones & Associates dated May 9, 1977. The north boundary should be established as College Street and the north line of Section 23. An exact legal description of the boundaries cannot be determined from the plat in the record and the case will be remanded to the district court for establishment of the exact legal description of the boundaries by survey, agreement of the parties, or other appropriate method.
For the reasons assigned, the judgment of the district court is reversed and set aside and the case is remanded to the district court for the purpose of establishing the exact legal description of the boundaries between the parties' respective properties in accordance with the views expressed in this opinion.
Reversed and remanded.