MARVIN, Judge.
Plaintiff Roy appeals a judgment which fixed the boundary between him and defendant Rasbury along the line of an existing ditch and a fence which had once existed for more than 30 years. The boundary fixed by the court is south of a long existing private road known as the Roy Road and is about 15 feet north of the ideal boundary of the litigants.
In four assignments, Roy contends that the trial court erred because there was “no evidence” that Rasbury possessed beyond the ideal boundary to “visible bounds”, that the court appointed surveyor should have been required to file a proces verbal of his *1286 survey ór subjected to cross examination, that a new trial should have been granted on Roy’s motion, and that he was wrongly assessed with one-half the court costs. We adopt the detailed reasons assigned by the trial court, which we here summarize, and affirm the judgment.
PROCES VERBAL WAS NOT REQUIRED
Civil Code Arts. 834-837, which once required a court appointed surveyor to file a proces verbal, were repealed and were replaced by CCP Art. 3692. Acts 169, 170, of 1977, effective January 1, 1978. Section 8 of Act 169 expressly provided that its provisions shall apply to all boundary actions existing on the effective date of the Act. The official comments under CCP 3692 state that the formalities required by CC Arts. 834 through 837 are eliminated “as unnecessary”; [and that] the court may regulate the manner in which the surveyor performs his duties. This case was “existing” when Act 169 of 1977 became effective.
The surveyor was not appointed until after the case was tried. Witnesses had testified about the once existing fence and the long existing road and ditch, trees, and other landmarks in the area. In reasons for judgment, the trial court noted that the surveyor was appointed “to survey the .. . ideal boundary line and show pertinent physical features alluded to in testimony." After discussing the evidence and applicable law supporting its determination, the trial court, in its reasons for judgment, then directed the parties to secure from the surveyor a description of the old fence line to be incorporated in the judgment to be prepared and directed that the line would begin at the northeast corner of section 11 and run westerly along the ideal boundary to the point where the fence veers north of the ideal boundary, following the fence until it ends, and then following a straight line projected generally along the south edge of the Roy Road ditch and north of the 28-inch red oak tree shown on the survey and referred to by the several witnesses in the case. A rail fence, which followed the ditch and which ended very near this red oak tree, was removed in 1966.
The litigants did not dispute the ideal boundary nor the existence of the landmarks such as the red oak tree. The trial court essentially described the boundary in the reasons for judgment and appellant does not suggest that the survey is in any way in error, but complains that he did not have the opportunity to cross examine the surveyor. The record does not show and appellant does not suggest that he sought cross examination in the trial court. Under these circumstances, and because we consider that the trial court fixed the boundary in the reasons for judgment, the surveyor performed a mere ministerial duty to the court in following the court’s directions and the boundary set by the court.[1] Appellant *1287 Roy was afforded due process. Under the circumstances, we find no error with respect to the manner in which the court used the surveyor. CCP 3693.
THE EVIDENCE
Roy admits that the fence continuously existed for more than 30 years before it was partially removed by Moncrief about 1963 and other parts wtere removed by Ras-bury in 1966. He acknowledges that he and others in the community considered the fence as the boundary between the Roy property and the Rasbury property and that he did not claim ownership or possession south of the fence during its existence. Other witnesses testified that Rasbury had cultivated and mowed up to the fence and had planted flowers and shrubs in the area between the ideal boundary and the fence for more than 30 years. These acts of possession as owner continued after a portion of the fence was removed. Azaleas and other plants are shown on the survey made after trial, here reproduced in Appendix A.
The trial court’s conclusions and findings are well supported by the evidence and we find no error with respect to Rasbury’s possession for more than 30 years as owner.
CC 794 VISIBLE BOUNDS
Notwithstanding that a portion of the fence was removed about 1963, the Roy Road ditch has continued to exist and is a visible bound. The easternmost portion of the fence remains. Witnesses testified that the fence went along the south bank of the ditch. Fences are not the only visible bounds contemplated by CC 794. A ditch, a road, or other such things may be sufficient to 'Support a finding of a visible bound, Coleman v. Henderson, 353 So.2d 1091 (La.App. 2d Cir.1977).
NEW TRIAL
After the trial, Roy sought a new trial on grounds including a claim of newly discovered evidence. CCP 1972. This evidence would have been expert testimony as to the interpretation of two photographs which were introduced during the trial of the case. This is not “new evidence” which “with reasonable diligence” could not have been discovered before or during the trial. Scarbrock v. Fowler, 317 So.2d 285 (La.App. 3d Cir.1975). We find that the trial court was not presented with peremptory grounds for a new trial and that the trial court did not abuse its discretion in otherwise denying Roy a new trial on discretionary grounds.
COSTS
Costs in the trial court were assessed one-half to each litigant. As the losing litigant, who ordinarily is cast with all costs, Roy should not complain. CC 790; CCP 1920. Roy instituted the boundary action in 1977, about 10 years after the rail fence was removed. The trial court and apparently appellee Rasbury thought it nonetheless equitable that costs be assessed in such a manner and appellee does not seek to be relieved of his assessment of one-half. Under these circumstances, we find no error in the cost assessment by the trial court.
CONCLUSION
The judgment appealed is affirmed and costs here are assessed against the appellant.

*1288

. Roy, through his counsel, approved the form of judgment which incorporated as the trial court directed, this described boundary:
Begin at an iron pin monumenting the corner common to Sections 1, 2, 11 and 12, all in Township 17 North, Range 3 West, Lincoln Parish, Louisiana, as depicted on plat per Judgment recorded in Civil Docket No. 19,-614, records of the Clerk of Cdurt of Lincoln Parish, Louisiana, and from said point of beginning, run North 89 degrees 30 minutes 44 seconds West along the section line common to Sections 2 and 11, as aforesaid for a distance of 65.7 feet, and to an existing fence; thence, follow the meanderings of said fence the following courses and distances:
North 79 degrees 05 minutes West 5.29 feet; North 88 degrees 22 minutes West 58 feet; South 88 degrees 07 minutes West 25 feet; North 89 degrees 21 minutes West 82 feet; North 89 degrees 55 minutes West 68 feet; North 89 degrees 22 minutes West 103 feet; North 88 degrees 09 minutes West 62 feet; North 86 degrees 36 minutes West 116 feet; North 88 degrees 23 minutes West 67 feet; North 89 degrees 43 minutes West 33 feet, and to an iron pin at the end of the aforesaid existing fence; thence run North 88 degrees 41 minutes 15 seconds West a distance of 576.08 feet, and to the Easterly right-of-way (80-foot wide right-of-way) line of U.S. Highway No. 167, and to the end of this boundary, which end is marked by an iron pin.