DOMENGEAUX, Judge.
The plaintiff has appealed from a judgment which fixed the boundary between her Lot 20 on the north and the defendants’ Lot 19 on the south of Block 1, East of Sixth Avenue in Kinder. The trial judge fixed the boundary, apparently on the basis of 30 years prescription, along the line of a partial fence and a ditch, which connect and extend from the front to the rear of the lots.
The plaintiff contends the trial judge erred in finding that the adjacent owners ever intended the fence and ditch to serve as the boundary between their lots; but even so, says the plaintiff, 30 years prescription did not accrue because only a partial visible boundary (i.e., the hurricane fence) existed much of the time and the defendants’ possession was insufficient to establish prescription.
The Robinsons acquired their property in 1947, built a house thereon in 1948 and completely enclosed their property with a wire fence shortly thereafter, probably that same year and most certainly before 1950. Defendants and their neighbor to the north, the plaintiff’s ancestor-in-title, recognized the defendants’ north fence as the boundary and they exercised corporeal possession of their respective properties up to that fence. About fifteen years ago, by agreement, the old fence was tom down and a new hurricane fence was erected on the same line, but it extended only about half way from the rear of the lots. The rest of the boundary was marked by a ditch which had been dug next to the old fence to drain the lots. The occupancy of both owners continued as before, each mowing and maintaining their respective properties up to the fence and ditch. Plaintiff purchased Lot 20 about 10 years ago. Defendants have continued to exercise the same possession as before, but in 1982 they extended the hurricane fence along the ditch to the front of their lot. This suit was filed on June 21, 1982.
No oral or written reasons were given by the trial judge, but it is obvious that he found the facts related above to be correct and fixed the boundary on the basis of the defendants’ plea of 30 years prescription. We fully agree with his decision.
It is clear that the adjacent owners recognized the defendants’ old north fence as the boundary between their respective properties and so regarded the new hurricane fence and the ditch that were located on the same line. It is equally clear that the defendants have exercised actual corporeal possession up to such boundary for more than 30 years before this suit was filed.
In a somewhat similar case, Roy v. Rasbury, 425 So.2d 1284 (La.App. 2nd Cir.1982), the court said at page 1287:
“Notwithstanding that a portion of the fence was removed about 1963, the Roy Road ditch has continued to exist and is a visible bound. The easternmost portion of the fence remains. Witnesses testified that the fence went along the south bank of the ditch. Fences are not the only visible bounds contemplated by CC 794. A ditch, a road, or other such things may be sufficient to support a *807 finding of a visible bound. Coleman v. Henderson, 353 So.2d 1091 (La.App. 2nd Cir.1977).”
In this type of suit the boundary location is a factual matter to be determined by the district court and should not be disturbed on appeal in the absence of manifest error. Williams v. Peacock, 441 So.2d 57 (La.App. 3rd Cir.1983).
For the foregoing reasons, the judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.