405 So.2d 1234 (1981)
Leo JOHNSON
v.
BERRY BROTHERS GENERAL CONTRACTORS, INC. et al.
No. 14355.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1235 Gordon Hackman, Boutte, for plaintiff.
Arthur I. Robison, Allen, Gooch & Bourgeois, Lafayette, for defendant.
Before CHIASSON, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
Plaintiff, Leo Johnson, brought suit against Berry Brothers General Contractors, Inc. for personal injuries he sustained while working for Berry Brothers. Johnson sought recovery in workmen's compensation as well as in tort.
Berry Brothers filed a motion for summary judgment on both the tort claim and the workmen's compensation claim. The trial court granted summary judgment on the tort claim. The court based its conclusion that there was no material issue of fact on the "pleadings, depositions, affidavits, and argument of counsel." The trial judge denied the motion for summary judgment on the workmen's compensation claim. Plaintiff appeals the summary judgment in favor of Berry Brothers on the claim in tort. We affirm.
Counsel for appellant contends that the trial court erred in failing to give plaintiff time to amend his petition after summary judgment was granted. Appellant relies on LSA-C.C.P. Art. 934, which provides as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Appellant's reliance on this statute is misplaced. A simple reading of the statute reveals that it is applicable where the trial court has sustained a peremptory exception. In this instance, the trial court did not *1236 sustain a peremptory exception; it granted a motion for summary judgement. The statute cited by counsel for appellant is inapplicable here.
Next, the appellant contends that the trial court erred in granting defendant's motion for summary judgement while Bazley v. Tortorich, 397 So.2d 475 (La. 1981), was pending before the Louisiana Supreme Court. In Bazley, the Supreme Court clarified the nature of the intentional act exception to the tort immunity provided employers and fellow employees by LSA-R.S. 23:1032. Bazley made clear that an employee has an action against his employer or a fellow employee when the defendant desired to bring about the physical results of his act or believed they were substantially certain to follow from his actions. Appellant maintains that the trial court should not have granted the motion for summary judgement while Bazley was pending before the Supreme Court.
Assuming, arguendo, that the trial court should have withheld judgement until Bazley was decided, Johnson has failed to demonstrate that he suffered any prejudice from the trial court's action. The record on appeal does not contain the depositions and affidavits relied on by the trial court. Judgements of a trial court are presumed correct and items of evidence or transcripts missing from the record are presumed to support the judgement of the trial court. DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir. 1980); United Pentecostal Church v. Interstate Surplus, 368 So.2d 1104 (La.Appl. 2nd Cir. 1979).
Nothing in the record before this court alleges sufficient intentional acts on the part of Berry Brothers to fall within the Bazley rule. The record does not show that Berry Brothers desired that plaintiff be injured or that defendant believed that Johnson's injuries were substantially certain to result from its acts. Appellant has failed to demonstrate that a different result would have been required on the motion for summary judgment had the trial court waited for the rendition of the Supreme Court's decision in Bazley. In light of the absence of any evidence in the record to show that a different result would have been required, appellant has failed to demonstrate that he sustained any injury from the trial court's action.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant, Leo Johnson, is cast with all costs of this appeal.
AFFIRMED.