STOKER, Judge.
This case came up on separate appeals brought by several parties complaining of the granting of a motion for summary judgment to Bituminous Casualty Corporation (Bituminous). Because of the inadequacy of the record on appeal we must presume that the trial court’s ruling and judgment dismissing plaintiff’s suit as against Bituminous are correct. Johnson v. Berry Bros. General Contractors, Inc., 405 So.2d 1234 (La.App. 1st Cir.1981), writ denied, 410 So.2d 1135 (La.1982); Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir. 1981); Hanley v. Hanley, 381 So.2d 963 *777 (La.App. 4th Cir.1980), writ denied, 383 So.2d 783 (La.1980); Vaughan v. Fair, 337 So.2d 675 (La.App. 3rd Cir.1976) and Discon v. Saray, Inc., 262 La. 997, 265 So.2d 765 (La.1972).
From the briefs filed in this court we gather that plaintiff James E. Mouton was a welder and was injured while employed by Armco, Inc. Apparently plaintiff was injured working on premises of Jack Wade Drilling Company when an employee of Ball Marketing, Inc. attempted to pump a load of diesel fuel from the tank of a truck belonging to Ball Marketing, Inc. The briefs indicate that plaintiff was sprayed by diesel fuel and sustained injury.
The record sent up to us on appeal contains a total of eighteen pages. The items in the record pertinent to this appeal consist of the motion for summary judgment filed by Bituminous without any supporting documents, the trial court’s written reasons for judgment, the judgment and motions for a devolutive appeal by plaintiff, Ball Marketing, Inc., National Union Fire Insurance Company and Chicago Insurance Company. The record does not contain a copy of plaintiff’s petition or any affidavits or depositions setting forth any facts concerning plaintiff’s accident. The items in the record referred to above are couched in nonspecific language and employ general statements and abstract concepts.
The issues on appeal are well briefed. From them as well as the motion itself, and the trial court’s written reasons for judgment we are enabled to identify the issue decided by the trial court in favor of Bituminous. Mover alleged in its motion that it issued an automobile liability policy to Ball Marketing, Inc. (Ball) but that it’s policy afforded no coverage for any liability Ball might owe to plaintiff Mouton. Bituminous alleged that National Union Fire Insurance Company (National Union) had issued comprehensive general liability insurance on Ball’s tank truck, and therefore National Union’s policy afforded coverage under the circumstances. Bituminous alleges that the trial court had previously made a ruling to the effect that coverage existed under National Union’s CGL policy, and the trial court makes reference to such a ruling in its written reasons for judgment. No such ruling is contained in the record before us.
Bituminous urges that its automobile liability policy and National Union’s CGL policy are mutually exclusive and that coverage under the CGL policy precludes coverage under the automobile liability policy.
We assume that other phases of this matter have already been before the trial court and for that reason the trial court may have felt it unnecessary to recapitulate the facts. Aside from not knowing the exact context out of which plaintiff’s injuries or damages arose,, we do not even have in the record the Bituminous policy which the trial judge construed. While the briefs inform us of the policy language in question, we cannot take cognizance of matters not in the record. Discon v. Saray, supra. We presume, however, that the trial court had the necessary evidence before it to support its judgment. Johnson v. Berry Bros. General Contractors, Inc., supra.
It was appellants’ responsibility to make certain that the record on appeal was complete. Hanley v. Hanley, supra.
For the foregoing reasons the judgment of the trial court granting the motion for summary judgment in favor of Bituminous Casualty Corporation is affirmed.
The costs of this appeal are assessed equally among the appellants.
AFFIRMED.