499 So.2d 1245 (1986)
Claude Edward WILKERSON, Sr.
v.
JIMCO, INC. and Western Preferred Casualty Insurance Company, in Solido.
No. CA-5884.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1246 Gordon F. Wilson, Jr., Friend, Wilson, Spedale & Draper, New Orleans, for third party defendant-appellee Jimco, Inc.
Henry G. Terhoeve, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for third party defendant-appellee Louisiana Ins. Guar. Ass'n.
Before SCHOTT, GARRISON and ARMSTRONG, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court providing as follows:
"IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of JIMCO, INC. and against LOUISIANA INSURANCE GUARANTY ASSOCIATION declaring the LOUISIANA INSURANCE GUARANTY ASSOCIATION to be the guarantor or insurer of plaintiff's claim against JIMCO, INC. under LRS 22:1375, et seq., and compelling the Louisiana Insurance Guaranty Association Fund to pay all future workmens compensation benefits to plaintiff herein directly to the plaintiff and to reimburse JIMCO, INC. in the amount of all weekly workmens compensation benefits and medical expenses of the plaintiff which JIMCO has had to pay because of the insolvency of Early American Insurance Company and Western Preferred Insurance Company.
New Orleans, Louisiana, this 6th day of March, 1986."
The trial court judge provided the following oral reasons for judgment:
"THE COURT:
The issue in this case concerns whether or not a cut through endorsement issued by the Early American contained in a policy by Western Preferred in favor of Jimco qualifies Early American as an insurer of Jimco for the purposes of the Louisiana Insurance Guaranty Fund coverage.
The problem develops because first well, Western Preferred and Early American merged and then both went belly up. Western Preferred was a surplus lines carrier not covered by the guaranty of the statute.
Early American is an admitted company and if it is deemed an insuror of Jimco it would be covered by the protection afforded by the Guaranty Association. One of the tangent problems is that there's some sort of class action by the Guaranty Association filed in Baton Rouge against all Western Preferred policyholders seeking a declaration that the merger between the two companies did not constitute the admission of Western Preferred for purposes of Guaranty.
I'm told by counsel for the Association that included in that class of cases are some with cut through endorsements similar to our issue. This suit was filed, of course, before the class action in Baton Rouge. I'm told that two *1247 other sections of this Court, one from the Commissioner, one from Judge Katz, have stayed the proceedings so it can be resolved in a more orderly fashion in Baton Rouge.
I'm of the opinion that judicial economy is not served by throwing Jimco for relief into that very complicated class action pending in Baton Rouge which is going to require enormous amounts of discovery.
I'm satisfied that their entitlement of protection under the fund is so patent that they should have relief now, and I'm granting their summary judgment."
Claude Edward Wilkerson, an employee of Jimco, Inc., filed suit for workmen's compensation benefits naming his employer and its insurer, Western Preferred Casualty Co. Jimco later filed a third party demand against La. Insurance Guaranty Assoc. (LIGA) generally alleging that Western had been declared insolvent and that due to its contractual relationship with Western, LIGA should be declared the insurer of Jimco and be liable to Claude Wilkerson. The trial court judge granted Jimco's Motion for Summary Judgment.
The policy between Western Preferred and Early American Insurance Co. provided as follows
"EARLY AMERICAN INSURANCE COMPANY hereby agrees that in the event the WESTERN PREFERRED CASUALTY COMPANY fails to pay any loss which is payable under this policy, EARLY AMERICAN INSURANCE COMPANY shall become liable for the loss after receiving written notice and demand for payment from the insured. Any payment shall be subject to the terms and conditions of this policy."
Early American Insurance Co. was a company authorized to do business in the state of Louisiana. The purpose of LIGA is generally to pay legitimate claims where the insurance company is insolvent. LIGA is created at R.S. 22:1376, et seq. Section 1376 states the purpose of LIGA as:
"The purpose of this Part is to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policy holders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers."
Section 1382 provides:
"(1) The association shall:
(b) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent."
Finally, it should be noted that all inferences and ambiguities must be resolved in favor of coverage. Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La.,1979).
Accordingly, the judgment below is affirmed.
AFFIRMED.
SCHOTT, J., concurs with written reasons.
SCHOTT, Judge, concurring.
LIGA's principal argument is based on the following caveat which was stamped on the first page of the policy issued by Western to Jimco:
This insurance policy is delivered as a surplus line coverage under the insurance code of the State of Louisiana. This contract of insurance is not issued by a company authorized to do business in Louisiana. In the event of insolvency of the company issuing this contract, the policyholder or claimant is not covered by the Louisiana Insurance Guaranty Association which guarantees only specific policies issued by an insurance company authorized to do business in Louisiana.
Early American's liability to Jimco as its insurer springs from the following language in Western's policy:

*1248 EARLY AMERICAN INSURANCE COMPANY hereby agrees that in the event the WESTERN PREFERRED CASUALTY COMPANY fails to pay any loss which is payable under this policy, EARLY AMERICAN INSURANCE COMPANY shall become liable for the loss after receiving written notice and demand for payment from the insured. Any payment shall be subject to the terms and conditions of this policy. (emphasis supplied).
LIGA argues that non-coverage by LIGA under the caveat stamped on the policy was a condition of the policy which applied to Early American's liability.
Western was an unauthorized, surplus line insurer governed by R.S. 22:1257 et seq. Early American was an authorized insurer. The caveat had to be stamped on the policy because it was issued by a surplus line insurer. R.S. 22:1258.
LIGA's obligations are spelled out in R.S. 22:1375 et seq. Under this statutory scheme all insurers licensed to do business in the state are members, R.S. 22:1379(5); these members are required to pay assessments into a fund, R.S. 22:1382; this fund is used to pay obligations of insolvent numbers, R.S. 22:1376; and the law is to be liberally construed to accomplish this purpose, R.S. 22:1378. Early American made itself a direct co-insurer of Jimco along with Western. The stamped caveat was not a condition of the policy but only a statutorily mandated restriction on claims against Western because of its status as an unauthorized surplus line insurer. This restriction did not and could not by law apply to claims against Early American.
Another argument by LIGA is that Early American's position is that of a reinsurer and not a direct insurer of Jimco. In the typical reinsurance situation the insured has no knowledge of the reinsurer's involvement. A policy is written by an insurer who covers his bet by selling a portion of the risk to the reinsurer either on or individual policy basis or on a broader basis involving many policies. See Arrow Trucking Co. v. Continental Insurance Company, 465 So.2d 691 (La.1985). It seems highly doubtful that an insured has a right of action against reinsurer because there is no privity between the two although the insured may arguably be considered a third party beneficiary of the reinsurance contract.
By the language of this policy Early American specifically bound itself as Jimco's insurer. There is privity of contract between the two which enables Jimco to proceed directly against Early American irrespective of Western's liability once Western "fails to pay."
Finally, LIGA contends that there are issues of material fact, notably Early American's insolvency, which should prevent summary judgment. LIGA filed pleadings in this case which incorporated pleadings it filed in a class action in Baton Rouge. In these pleadings LIGA alleged that Early American, as well as Western, was insolvent. This constitutes a judicial admission of Early American's insolvency.
For these reasons and those stated in the majority opinion I believe summary judgment was properly granted by the trial court.