CHEHARDY, Chief Judge.
This appeal arises from a judgment by the trial court vacating and setting aside its prior judgment in a worker’s compensation action. The original judgment dismissed a suit filed by plaintiff, Stella jwilliams, against her employer, Wendy’s *138 Old Fashioned Hamburgers, Inc. (Wendy’s), on an exception of prematurity.
Defendant asserts on appeal that the judgment of prematurity should be reinstated. It contends the judgment vacating the previous judgment erroneously granted plaintiff a new trial because the plaintiffs motion for new trial was untimely filed.
Plaintiff filed suit against defendant for wrongful discontinuance of worker’s compensation benefits. In response, defendant filed exceptions of vagueness and prematurity alleging she failed to set out sufficient facts to support the action, and further, that she failed to attach proof of her rejection of the recommendation made by the Office of Worker’s Compensation as required in LSA-R.S. 23:1311; 23:1314. After a hearing on the exceptions, the trial court granted plaintiff 30 days to amend her petition and attach her rejection. On January 21, 1986, plaintiff's action was dismissed without prejudice due to her failure to comply with the trial court’s requirements.
Approximately four months following the dismissal of her suit, plaintiff filed a document entitled “Ancillary Petition for New Trial.” In that pleading plaintiff requested a new trial on the basis that the proof of her rejection had been unobtainable until then because her prior attorney had the document and had finally provided it to her after numerous requests. She further alleged the judgment of prematurity had been obtained through the ill practice of defendant, its agents and counsel. On June 18, 1986, following a hearing, the trial court vacated and set aside its prior judgment and reinstated plaintiff’s claim.
In argument, defendant contends the judgment vacating the prior judgment was in effect a granting of a motion for new trial. Defendant claims the trial judge erred in doing so because the motion was untimely under LSA-C.C.P. art. 1974, since it was filed four months following rendition of the dismissal of plaintiff’s action.
C.C.P. art. 1974 provides the delay for applying for a new trial shall be seven days, exclusive of holidays. Unless notice of judgment is required, the delay commences on the day after the judgment was signed. However, we note that the granting or denial of a new trial is an interlocutory judgment and is not appealable in the absence of irreparable injury. LSA-C.C.P. arts. 2083; 1841; Pate v. Crescent Motors Exchange, Inc., 256 So.2d 471 (La.App. 4 Cir.1972); Miller v. Chicago Insurance Co. 320 So.2d 134 (La.1975). See also: Core v. Winn Dixie of Louisiana, Inc., 471 So.2d 240 (La.App. 1 Cir.1985); Scheffer v. Scheffer, 453 So.2d 960 (La.App. 5 Cir. 1984); Roderfeld v. Willmoth, 473 So.2d 349 (La.App. 5 Cir.1985).
On the other hand, where the motion for new trial can be construed as a petition for nullity of judgment, then the judgment is appealable. Pertuit v. Le-Blanc, 216 So.2d 863 (La.App. 2 Cir.1968); American Motorists Ins. Co. v. Miller, 383 So.2d 487 (La.App. 4 Cir.1980).
In this case plaintiff seeks a new trial in her petition, but the document also contends the judgment of dismissal was obtained by ill practices. Plaintiff alleges specifically that defendant, its agents and counsel misled the court and withheld information from the court regarding her rejection. Thus, she states grounds for relief for a nullity of judgment under LSA-C.C.P. art. 2004, and the appeal is viable as to whether the nullity was properly rendered.
In reviewing the correctness of the trial court judgment, we find the record is devoid of a transcript, reasons for judgment, exhibits or note of evidence. Under those circumstances the trial judge’s judgment is ordinarily presumed correct. Succession of Montegut, 480 So.2d 1045 (La. App. 5 Cir.1985); Johnson v. Berry Bros. Gen. Contractors, 405 So.2d 1234 (La.App. 1 Cir.1981); writ denied 410 So.2d 1135 (La.1982). Yet the appellate court is not strictly bound by that presumption. Where the interest of justice dictates, the court is authorized to remand the case for the taking of evidence. LSA-C.C.P. art. 2164; White v. Johns-Manville Sales Corp., 416 So.2d 327 (La.App. 5 Cir.1982); Succession of Montegut, supra; LeBlanc v. Guidry, *139 449 So.2d 442 (La.1984); Anderson v. Wall, 469 So.2d 980 (La.1985). Although that authority should be used sparingly, we find it appropriate here to prevent a miscarriage of justice since appellant had some justification for incorrectly perceiving the petition as simply as motion for a new trial. White v. Johns-Manville Sales Corp., supra.
Accordingly, the judgment of the trial court is hereby vacated and set aside and the case is remanded for a new trial on the nullity issue. Appellant is to pay costs of this appeal.
JUDGMENT VACATED; CASE REMANDED.