532 So.2d 795 (1988)
Robert C. HILL
v.
Anthony ROBINSON, Jefferson Disposal Company, Inc., ABC Insurance Company and American Southern Insurance Company.
No. 88-CA-0162.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
Rehearing Denied November 16, 1988.
*796 Clayton G. Ramsey, Shawn L. Holahan, Phelps, Dunbar, Marks, Claveria & Sims, New Orleans, for defendant-appellee.
Charles A. Schutte, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, for defendant-appellant.
Before GARRISON, CIACCIO and WARD, JJ.
GARRISON, Judge.
This case arises from a vehicular collision on June 27, 1983 at the intersection of David Drive and West Metairie Road in Metairie. The plaintiff, Robert Hill, was stopped for a red light at the intersection when his car was struck from the rear by a Jefferson Disposal Company vehicle driven by Anthony Robinson during the course and scope of his employment with Jefferson Disposal. Hill filed a tort claim for injuries suffered in the accident against Robinson, Jefferson Disposal Company and their respective liability insurers, claiming that Robinson's negligence was the cause of the accident and that Jefferson Disposal is vicariously liable for the tortious act of its employee, Robinson.
American Southern Insurance Company, the alleged liability insurer of Jefferson Disposal, filed a peremptory exception of no cause of action against the plaintiff alleging that it did not have a liability insurance policy in effect in favor of the defendants at the time of the accident because it is not authorized to issue policies of liability insurance at all. An affidavit of an agent of this company supporting this claim was attached to the exception.
Plaintiff subsequently filed a supplemental and amending petition substituting as a defendant Western Preferred Casualty Company for American Southern Insurance Company. American Southern Insurance then filed a motion for summary judgment which was granted by the trial judge. Plaintiff's suit against American Southern Insurance was dismissed.
Robinson and Jefferson Disposal filed a third party demand against Louisiana Insurance Guaranty Association (LIGA) claiming that LIGA is obligated to assume the obligations of Early American Insurance Company which had merged with *797 Western Preferred Casualty, assumed all of Western Preferred's assets and policy obligations and subsequently became insolvent. When Jefferson Disposal sought to enforce LIGA's obligation to indemnify and defend Jefferson Disposal, LIGA refused.
The plaintiff then supplemented and amended his petition again to add LIGA as a defendant because of the insolvency of Jefferson Disposal's insurer, Early American Insurance Company and/or Western Preferred Casualty Company. LIGA then filed a third party demand against American Excess Underwriters, Inc. claiming that it provided primary and direct insurance for all claims asserted against Jefferson Disposal and that, according to LSA-R.S. 22:1386, the plaintiff was obligated to pursue and exhaust all remedies he had against American Excess Underwriters before proceeding against LIGA.
Jefferson Disposal then filed a motion for summary judgment against the third party defendant, LIGA, claiming that LIGA is obligated to defend and indemnify Jefferson Disposal under the Louisiana Insurance Guaranty Association Law, LSA-R.S. 22:1376, et seq. The plaintiff then filed a motion for summary judgment against Robinson, Jefferson Disposal and their insurers claiming that it was undisputed that Robinson failed to exercise due caution toward the plaintiff who was stopped at a red light. The plaintiff also filed a motion for summary judgment against LIGA alleging that there was no issue of material fact concerning liability and that LIGA is obligated to assume the obligations and exposure of the insured of Early American Insurance Company and/or Western Preferred Casualty Company, i.e. Jefferson Disposal and its employees, under the Louisiana Insurance Guaranty Association Law.
On November 17, 1987, the trial judge rendered judgment granting Jefferson Disposal's motion for summary judgment and ordering LIGA to defend and indemnify Jefferson Disposal in the event of being cast in judgment. LIGA now appeals that judgment.
On appeal, LIGA argues that the trial judge committed manifest error in granting Jefferson Disposal's motion for summary judgment because there were genuine issues of fact and law in dispute, including:
1. Whether the insured's retained limits of liability of $50,000 per occurrence provided under Endorsement # 1 to certificate #AE1066 have been exceeded;
2. Whether certificate # AE1066 is an insurance policy to which the Insurance Guaranty Association Law applies;
3. Whether the premiums paid by Jefferson Disposal were "net direct written premiums" within the scope of LSA-R.S. 22:1379 (6);
4. Whether the cut-through endorsement No. 8 is "direct insurance" within the meaning of LSA-R.S. 22:1377.
The first issue raised by appellant indicates that the trial court judgment merely states that LIGA is ordered to defend and indemnify Jefferson Disposal. However, it does not place any monetary limits on that duty to defend and indemnify. Clearly, the amount which Jefferson Disposal can claim from LIGA is limited by LSA-R.S. 22:1382. At the time that this cause of action arose, the statutory limit in effect was $50,000 minus a $100 deductible. Jefferson Disposal acknowledges in its brief that it is only seeking an amount from LIGA within the statutory limits of LSA-R.S. 22:1382 but the trial court judgment is hereby modified to specify this fact.
Secondly, the appellant claims that a factual issue remains as to whether the policy issued to Jefferson Disposal by Early American was an insurance policy to which the Insurance Guaranty Association Law applies. Appellant claims that Early American did not issue a contract or policy of insurance in the State of Louisiana; rather, it issued a cut-through endorsement or a conditional guarantee of the obligations of Western Preferred.
This policy is quite clearly and unambiguously an insurance policy. On the policy, Western Preferred is listed as the "insurer." The document defines the insurer's obligation to the insured and contains the items required by LSA-R.S. 22:624 which *798 defines an insurance policy. Therefore, it is an insurance policy as defined by LSA-R.S. 22:624.
The third issue appellant raises is whether the premiums paid by Jefferson Disposal were "net direct written premiums" within the scope of LSA-R.S. 22:1379 (6). LSA-R.S. 22:1379 (6) states as follows: "`Net direct written premiums' means direct gross premiums written in this state on insurance policies to which this Part applies, less return premiums thereon and dividends paid or credited to policyholders on such direct business. `Net direct written premium' does not include premiums or contracts between insurers or reinsurers."
At all times in this case, Early American Insurance was an admitted carrier in Louisiana and Western Preferred Casualty was not. As stated above, when Western Preferred was merged with Early American, Early American assumed all of Western Preferred's rights and obligations and Early American subsequently became insolvent. Jefferson Disposal then made a claim on the LIGA for indemnification.
The appellant argues that because an affidavit attached to its opposition to motion for summary judgment states that all premiums paid by Jefferson Disposal were reported by Western Preferred and that Early American received no premiums directly from Jefferson Disposal, the Insurance Guaranty law should not protect Jefferson Disposal because Early American, the LIGA member, did not directly receive premiums from Jefferson Disposal which in turn could be assessed by the LIGA. However, the appellee's brief points out that while LSA-R.S. 22:1382 provides a scheme by which member insurers pay monies into the Louisiana Insurance Guaranty fund, it does not address the issue of the LIGA's responsibility for unpaid claims of a member insurer, i.e. Early American. Appellee suggests that this Court should liberally construe the Louisiana Insurance Guaranty laws to protect the policyholder's right to be defended and indemnified by the LIGA. We agree and find that Jefferson Disposal is entitled to be defended and indemnified by the LIGA in this case.
Finally, appellant argues that an issue of fact remains as to whether the cutthrough endorsement No. 8 is "direct insurance" within the meaning of LSA-R.S. 22:1377. This issue has already been decided by this court in a case involving the same insurers, i.e., Wilkerson v. Jimco, Inc., 499 So.2d 1245 (La.App. 4th Cir.1986). The Wilkerson court concluded that the "cut through" endorsement issued by Early American in a policy by Western Preferred qualified Early American as an insurer for purposes of the Louisiana Insurance Guaranty Fund and that the insured was protected from the insolvency of its insurer by the LIGA for its unpaid claim. Therefore, this claim is also without merit.
For the reasons stated above, the trial court judgment granting Jefferson Disposal's motion for summary judgment and ordering LIGA to defend and indemnify Jefferson Disposal is affirmed with the modification that LIGA's indemnification be limited to the statutory limits of LSA-R.S. 22:1382.
AFFIRMED AS AMENDED.