577 So.2d 56 (1990)
Melvin JOHNSON
v.
VINSON GUARD SERVICE, INC., et al. (Two Cases).
Nos. CA 860708, 891793.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Rehearing Denied February 13, 1991.
Writ Denied April 11, 1991.
Charles Bourg, Morgan City, for plaintiff-appellant.
Ralph Miller, Norco, for defendant Vinson Guard.
Charles Schutte, Baton Rouge, for defendant Louisiana Ins. Guar.
Before COVINGTON, C.J., and EDWARDS, SAVOIE, LANIER and FOIL, JJ.
LANIER, Judge.
This action is a suit by an employee for worker's compensation benefits, medical expenses and statutory penalties. Made defendants were the employer, Vinson Guard Service, Inc. (Vinson), and its insurer, *57 Western Preferred Casualty Company (Western). While this matter was pending, Western went into receivership. After a trial, judgment was rendered in favor of the employee against the employer for compensation benefits and medical expenses. The employer took a suspensive appeal from this judgment (CA-86-0708). Over a year after the suspensive appeal was taken, the employer filed a motion for a new trial asserting newly discovered evidence and fraud. Thereafter, the employee filed a motion for a new trial and a motion of no opposition to a new trial. The trial court ex parte granted the employee's motion. The employer then filed a third party demand against the Louisiana Insurance Guaranty Association (LIGA) asserting LIGA was its insurer in lieu of Western. Subsequently, the third party demand was severed from the main demand by court order and was separately submitted to the trial court. In the interim, the new trial was held on the main demand and the case was taken under advisement. The trial court then rendered judgment on the third party demand in favor of LIGA and against the employer. The employer took a devolutive appeal from this judgment (CA-89-0419).[1] Thereafter, the trial court rendered judgment on the main demand in favor of the employer and against the employee dismissing the employee's claims. The employee took a devolutive appeal from this judgment (CA-89-1793). The appeals from the two judgments on the main demand were consolidated; the appeal from the judgment on the third party demand remained severed from the appeals on the main demand.

BASIC FACTS
On January 27, 1984, Melvin Johnson was employed by Vinson as a security guard and was performing his duties at the ODECO yard in Assumption Parish, Louisiana. As part of his duties, Johnson was required to punch a "key" at stations on the perimeter fence of the yard. As he was approaching one of the "key" stations, Johnson slipped on a piece of scrap iron, fell and injured his back. On February 9, 1984, Johnson underwent a lumbar laminectomy and disc excision at the L4-5 level.
Johnson was initially paid compensation benefits of $128.01 per week to August of 1984, when they were discontinued. This suit was filed on March 29, 1985.

PROCEDURAL FACTS
The first trial of the merits of this case was held on July 2, 1985. After the trial was completed, the trial court took the case under advisement. The first judgment was rendered on January 27, 1986, and it was in favor of Johnson and against Vinson ordering Vinson to pay compensation benefits of $128.01 per week for an indefinite period and pay all medical expenses. On February 26, 1986, Vinson filed a motion and order for a suspensive appeal. On February 27, 1986, the Clerk of Court of the 23rd Judicial District Court, Parish of Assumption, mailed the notice of judgment required by La.C.C.P. art. 1913. On March 31, 1986, Vinson filed a motion and order to dismiss its suspensive appeal on the ground that it was taken prematurely. This motion stated, in pertinent part, as follows:
Under Article 2123 of the Louisiana Code of Civil Procedure, the 30 day delay period for taking a suspensive appeal did not begin to run until the expiration of the delay for applying for a new trial pursuant to Article 1974 of the Louisiana Code of Civil Procedure. Under Article 1974, the delay for applying for a new trial is seven days, exclusive of legal holidays after the clerk has mailed notice of judgment as required by Article 1913. Accordingly, the 30 day delay period for taking a suspensive did not begin to run until March 11, 1986. Therefore, defendant Vinson Guard Services, Inc. could not suspensively appeal the judgment rendered in the above-entitled and numbered cause until March 11, 1986.
*58 The trial court granted this motion. On April 7, 1986, Vinson filed a second motion and order for a suspensive appeal, which was granted by the trial court. This appeal was given docket number CA-86-0708 by this court.
One year and twenty-three days later, on April 30, 1987, Vinson filed a motion for a new trial in the trial court asserting newly discovered evidence and fraud. La.C. C.P. art. 1971 et seq. Prior to the hearing of this motion, Johnson filed a motion for a new trial on June 19, 1987, which motion was granted in an ex parte order signed by the trial court on June 22, 1987. The new trial of this matter was held on December 11, 1987, and January 21, 1988, and the trial court took the case under advisement. On August 3, 1989, the trial court rendered a second judgment which was in favor of Vinson and against Johnson dismissing Johnson's claims. On August 15, 1989, Johnson filed a motion and order for a devolutive appeal. This appeal was given docket number CA-89-1793 by this court.

VALIDITY OF THE SECOND JUDGMENT AND SECOND APPEAL
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La.C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.C. C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La.C.C.P. arts. 3 and 925. An appellate court, on its own motion, can recognize a lack of subject matter jurisdiction in a trial court. Sears, Roebuck and Company v. City of New Orleans, 238 La. 936, 117 So.2d 64 (1960); Counts v. Bracken, 494 So.2d 1275 (La.App. 2nd Cir.1986); Succession of Guitar, 197 So.2d 921 (La. App. 4th Cir.1967).
La.C.C.P. art. 2088 provides as follows:
Art. 2088. Divesting of jurisdiction of trial court
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
(Emphasis added)
*59 When Vinson filed its motion and order for an appeal on April 7, 1986, the delay for applying for a new trial had expired, La.C. C.P. art. 1974, the trial court was divested of its subject matter jurisdiction over the merits of this case, and the subject matter jurisdiction over the merits of this case attached to this court. Thereafter, the trial court had no subject matter jurisdiction to act on a subsequently filed motion for a new trial. Whitehead v. Fireman's Fund Insurance Company, 529 So.2d 82 (La. App. 3rd Cir.), writ denied, 532 So.2d 119 (La.1988). Because the trial court had no subject matter jurisdiction over the motions for new trial filed by Vinson and Johnson, its actions in granting a new trial, conducting a new trial, rendering the second judgment and granting the second appeal are void. La.C.C.P. art. 3. We recognize this lack of jurisdiction on our own motion.
In oral argument, Vinson asserted that its motion for new trial should be considered as an action for nullity of a final judgment as provided for in La.C.C.P. art. 2001 et seq., and that, accordingly, the trial court properly granted a new trial. Vinson contended that a pleading should be construed pursuant to its substance and not its caption, and, since its motion asserted that the first judgment was based on fraud, it alleged a cause of action for nullity of judgment under La.C.C.P. art. 2004, and, pursuant to La.C.C.P. art. 2005, the nullity claim could be adjudicated while an appeal was pending.
Initially, we note that the trial court granted Johnson's, not Vinson's, motion for a new trial. Johnson's motion for a new trial can not be construed as an action for nullity of judgment. See Appendix A. The trial court did not adjudicate Vinson's motion. Secondly, Vinson's motion is in the form of a summary proceeding, as provided for new trial motions in La.C.C.P. art. 1971 et seq. An action for nullity of judgment is an ordinary proceeding, not a summary proceeding. Willis v. Travelers Insurance Company, 545 So.2d 721 (La. App. 3rd Cir.1989); Broyles v. Hart, 454 So.2d 202 (La.App. 1st Cir.1984); Doll v. Mallard, 95 So.2d 692, 693 (Orleans 1957). Finally, while we agree that the object of a pleading should be controlled by its substance, rather than by its caption [Bryant v. Middlebrooks, 486 So.2d 188 (La.App. 1st Cir.1986) ], a review of Vinson's motion and the memorandum attached thereto shows that Vinson intended for the pleading to be a motion for a new trial, not a petition in an action for nullity of judgment. See Appendix B. The first two paragraphs of the memorandum provide as follows:
MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL
This motion is predicated on the fact that Vinson, since the trial, has discovered new evidence. Evidence which was unattainable, despite the exercise of due diligence, prior to the conclusion of the trial on the merits. That the trial was concluded when The Honorable Leon J. LeSueur rendered his judgment on January 27, 1986. La.Code of Civil Procedure Article 1974.
When considering a motion for a new trial in a non-jury case, such as the present matter, the only questions before the trial court are the diligence of the mover in obtaining the newly discovered evidence, and whether movers motion indicates that the new evidence obtained would, in fact, entitle mover to a new trial. Barker vs. Rust Engineering Co., 428 So.2d 391 (1983).
La.C.C.P. art. 1974 referred to in the memorandum pertains to the delay for applying for a new trial; it does not pertain to an action for nullity of judgment. Accordingly, we conclude that under the particular facts and circumstances of this case, Vinson's pleading was a motion for a new trial, and not a petition in an action for nullity of judgment.

THE FIRST JUDGMENT
Apparently, Vinson and Johnson were dissatisfied with the first judgment *60 because both sought new trials, albeit untimely ones. Further, the trial court after the second trial rendered the second judgment in favor of Vinson, thus repudiating the first judgment in favor of Johnson; this casts doubt about the correctness of the first judgment. Finally, a review of the second trial shows substantial additional evidence was presented therein that was not presented at the first trial.
Pursuant to La.C.C.P. art. 2164, this court has the authority to render any judgment which is just, legal and proper upon the record on appeal. This power and discretion includes the authority to reverse and remand for a new trial when the interests of justice require it. Official Revision Comment (a) for La.C.C.P. art. 2164; Ford v. Hartford Insurance Company, 528 So.2d 770 (La.App. 3rd Cir.1988); Vilce v. Travelers Ins. Co., 18 So.2d 243 (La.App. 1st Cir.1944); Smith v. Hyman, 6 So.2d 368 (Orleans 1942); Stuckey v. Hayden, 188 So. 406 (La.App. 2nd Cir.1939). After reviewing the particular facts and circumstances of this case, we believe the interests of justice require a reversal of the first judgment and a remand for a new trial, and we exercise our power and discretion under La.C.C.P. art. 2164 to so order. Cf. Williams v. Wendy's Old Fashioned Hamburgers, Inc., 503 So.2d 137 (La.App. 5th Cir.1987); Barlow v. Southern Cities Distributing Co., 146 So. 357 (La.App. 2nd Cir.1933).

DECREE
For the foregoing reasons, the second judgment rendered on August 3, 1989, is declared void and is vacated; and the first judgment rendered on January 27, 1986, is reversed, and this case is remanded to the trial court for a new trial. The costs of these appeals are assessed 50% to Vinson and 50% to Johnson.
SECOND JUDGMENT DECLARED VOID AND VACATED; FIRST JUDGMENT REVERSED AND CASE REMANDED.
FOIL, J., concurs in the result.
EDWARDS, J., dissents and assigns reasons.
COVINGTON, C.J., dissents for reasons assigned by EDWARDS, J.

APPENDIX A

23rd Judicial District Court

Parish of Assumption

State of Louisiana

No. 17,011

Melvin Johnson

v.

Vinson Guard Services, Inc. et al

MOTION FOR NEW TRIAL

Filed 6/19/87
NOW INTO COURT comes C.E. Bourg, II, counsel for plaintiff in the above numbered and entitled matter, who respectfully requests that a new trial be set in this matter by this Honorable Court.
WHEREFORE, COUNSEL PRAYS that this Honorable Court schedule a new trial in the above numbered and entitled matter.
(s) C.E. Bourg, II
C.E. BOURG, II
Attorney for Plaintiff
Suite 101 Offshore Oil Center
1400 Highway 90 East
P.O. Box 1731
Morgan City, Louisiana 70381

CERTIFICATE
I, HEREBY CERTIFY that a copy of the above and foregoing Motion has been forwarded to Mr. Ralph R. Miller and Mr. George E. Gilkers at P.O. Box 120, 107 Apple Street, Norco, Louisiana 70079 by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed to them on this 17th day of June, 1987.
*61
(s) C.E. Bourg, II
C.E. BOURG, II

23rd Judicial District Court

Parish of Assumption

State of Louisiana

No. 17,011

Melvin Johnson

v.

Vinson Guard Services, Inc. et al

MOTION OF NO OPPOSITION

Filed 6/19/87
NOW INTO COURT comes MELVIN JOHNSON, plaintiff in the above numbered and entitled cause, though his undersigned counsel, who respectfully avers with no opposition to the scheduling of a new trial in this matter.
WHEREFORE, PLAINTIFF PRAYS that this Honorable Court set a new trial in this matter, without opposition by plaintiff.
(s) C.E. Bourg, II
C.E. BOURG, II
Attorney for Plaintiff
Suite 101 Offshore Oil Center
1400 Highway 90 East
P.O. Box 1731
Morgan City, Louisiana 70381

CERTIFICATE
I, HEREBY CERTIFY that a copy of the above and foregoing Motion has been forwarded to Mr. Ralph R. Miller and Mr. George E. Gilkers at P.O. Box 120, 107 Apple Street, Norco, Louisiana 70079 by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed to them on this 17th day of June, 1987.
(s) C.E. Bourg, II
C.E. BOURG, II

23rd Judicial District Court

Parish of Assumption

State of Louisiana

No. 17,011

Melvin Johnson

v.

Vinson Guard Services, Inc. et al

ORDER

Filed 6/19/87
Considering the above and foregoing motion;
IT IS ORDERED that the above numbered and entitled cause have a new trial scheduled for the 9th day of October, 1987.
ORDER SIGNED on this 22nd day of June, 1987 at Assumption Parish, Louisiana.
(s) Leon J. LeSueur
JUDGE

APPENDIX B

23rd Judicial District Court

Parish of Assumption

State of Louisiana

Division

No. 17,011

Melvin Johnson

versus

Vinson Guard Services, Inc. et al

MOTION FOR A NEW TRIAL

Filed Apr. 30, 1987
On motion of the defendant, Vinson Guard Services, Inc., through its undersigned counsel, and on its suggesting to the Court that:

1.
Since the trial defendant, Vinson Guard Services, Inc., discovered the following facts:
A. The claimant, Melvin Johnson, in 1985, was employed as follows:
a. Sunbelt Construction Company, Eunice, Louisiana. He worked during the *62 first quarter of 1985. He performed thirty hours of work at $10.00 per hour.
b. Associated Pipeline Contractor. He worked during the third and fourth quarters of 1985. He earned approximately $9000.00 during this period. He also used his wife's social security number to conceal this employment.
c. Woodson Construction Company, Inc. whose office is located in Lafayette, Louisiana. From October 7, 1985 through November 30, 1985 the claimant worked as a tie-in foreman at Woodson's United Gas job site, located in the Gonzales area. He worked until the job ended on November 30, 1985. He also attempted to conceal his employment by completing and submitting to Woodson, a W-4 form containing his wife's social security number, XXX-XX-XXXX. He earned $6895.00 during this period.
d. During 1985 the claimant earned approximately $16,000.00.
B. During 1986, the claimant, as far as mover knows at present, was employed as follows:
a. He worked for Woodson Construction Company, Inc. from June 23, 1986 through June 29, 1986. He was employed as an operator of a sideboom at Woodson's Texas Brian job site located at Donaldsonville, Louisiana. He was laid off when the job ended on June 29, 1986. He earned $480.00.

2.
As set out above, the claimant worked when he alleged that he was temporarily totally disabled. These allegations both in his petition and in his testimony at trial have caused a judgment of temporary total disability and all medical expenses incurred with Dr. Christopher Cenac to be assessed against mover in favor of the claimant. This judgment was based on fraud. (A copy of this Judgment is attached hereto.)

3.
Mover was unaware of the existence of this information and could not with due diligence have obtained this evidence before or during trial.

4.
Because of this newly discovered evidence mover is entitled to a new trial.
IT IS ORDERED that the claimant, Melvin Johnson, show cause on the 11th day of May, 1987, at 9:00 a.m. in Napoleonville, Louisiana, why the Judgment rendered on January 27, 1986 should not be set aside and a new trial ordered.
(s) Leon J. LeSueur
JUDGE 23RD JUDICIAL DISTRICT
COURT
(s) Ralph R. Miller
RALPH R. MILLER and
GEORGE E. GILKERS
ATTORNEYS FOR DEFENDANT
P.O. BOX 190
107 APPLE STREET
NORCO, LOUISIANA 70079

23rd Judicial District Court

Parish of Assumption

State of Louisiana

No. 17,011

Melvin Johnson

versus

Vinson Guard Services, Inc. et al

AFFIDAVIT

Filed Apr. 30, 1987
STATE OF LOUISIANA
PARISH OF ST. CHARLES
BEFORE ME, personally came and appeared: J.D. VINSON, SR., who deposed that he is the Board Chairman/President of Vinson Guard Services, Inc., and that all of the facts alleged in the foregoing petition are true and correct.
(s) J.D. Vinson, Sr.
J.D. VINSON, SR.
BOARD CHAIRMAN/PRESIDENT OF
VINSON GUARD SERVICES, INC.

*63 SWORN TO AND SUBSCRIBED BEFORE
ME THIS 22nd DAY OF April, 1987.
(s) Ralph R. Miller
NOTARY PUBLIC

MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL
This motion is predicated on the fact that Vinson, since the trial, has discovered new evidence. Evidence which was unattainable, despite the exercise of due diligence, prior to the conclusion of the trial on the merits. That the trial was concluded when The Honorable Leon J. LeSueur rendered his judgment on January 27, 1986. La. Code of Civil Procedure Article 1974.
When considering a motion for a new trial in a non-jury case, such as the present matter, the only questions before the trial court are the diligence of the mover in obtaining the newly discovered evidence, and whether movers motion indicates that the new evidence obtained would, in fact, entitle mover to a new trial. Barker vs. Rust Engineering Co., 428 So.2d 391 (1983).
A new trial should be granted if the newly discovered evidence is not cumulative, if it would tend to change the result of the case, and if it was not discovered or discoverable before or during the trial. Barker, Supra.
The evidence offered by Vinson is not cumulative. It does not merely add to the weight of previous evidence. It establishes that Mr. Johnson was, at the time of the trial and now, capable of being gainfully employed. It clearly establishes that he was gainfully employed prior to the hearing and the rendition of the judgment. Further, it establishes that not only did Mr. Johnson work but he tried to conceal the fact that he worked.
A reasonable trier of fact, given this new evidence, certainly could come to a different conclusion. Prior to submission of this new evidence, the Court came to what it considered a reasonable conclusion and decision. It is submitted that this new evidence would tend to change the court's decision.
Mover cannot state too strongly the apparent disrespect for the judicial process displayed by the claimant. He failed at the hearing to advise the court that he had worked for Sunbelt Construction Company and he failed to advise the court that at sometime shortly after the hearing he began to work for Associated Pipeline Contractors and Woodson Construction Company. He failed to advise the court that he made approximately $16,000.00 in 1985. All of this work activity occurred during a period when the claimant allegedly has back pain so severe that he cannot work in the relatively sedentary job of Gate Security Guard. He was working in the construction trade at the same time that he was alleging, through this workers' compensation suit, that he was temporarily totally disabled and in need of substantial medical care. It is suggested that the claimant's behavior constitutes fraud and that he should be held accountable.
This new evidence was not discovered until several weeks ago. It is suggested that the defendant exercised due diligence in defending itself prior to trial and at trial. Further, that this evidence was neither discovered nor discoverable despite Vinson doing all that was reasonable under the circumstances. The "due diligence" standard required of mover does not require that it do all that is possible. The standard merely required that Vinson has done all that is reasonable to lead to discovery of relevant evidence. Vinson has met this standard and will establish this fact at trial. Barber, Supra.
In addition, the claimant's not having stated that he worked, when allegedly disabled, constitutes fraud which should also be the basis for a new trial.

CONCLUSION
A new trial should be granted. The proposed evidence that Mr. Johnson's employment and earning of more than $19,000.00 in 1985, is of such a nature and degree that it clearly meets all of the criteria for the granting of a new trial.
*64 The trial court has wide discretion to grant a new trial. Mover suggests that the evidence should change the results of the case and asks the court to give it the opportunity to offer this new and important evidence.
(S) Ralph R. Miller
RALPH R. MILLER and
GEORGE E. GILKERS
ATTORNEYS FOR VINSON
GUARD SERVICES, INC.
P.O. BOX 190
107 APPLE STREET
NORCO, LOUISIANA 70079
EDWARDS, Judge, dissenting.
This court has the authority to "render any judgment which is just, legal, and proper upon the record on appeal." LSA-C. C.P. art. 2164 (emphasis added).
Having declared the second trial void in its entirety, the majority then renders judgment based upon its review of that trial's record. Where as a matter of law there is no jurisdiction, neither doubt nor equity can confer it. I respectfully dissent.
NOTES
[1] The appeal in docket number CA-89-0419 is decided this date in a separate opinion authored by Judge Edwards.