EDWARDS, Judge.
From a judgment of the trial court dismissing a third party demand against the Louisiana Insurance Guaranty Association (LIGA), third party plaintiff has appealed.
The facts of this case are not in dispute. Vinson Guard Service, Inc. (Vinson), filed a third party demand asking that LIGA assume the obligations due by its worker’s compensation insurer. Vinson originally purchased surplus-line insurance from Western Preferred Casualty Company (Western). Western was a surplus-line insurer not licensed or admitted to do business in Louisiana. Attached to the policy issued by Western was an endorsement, a so-called "cut through,” which obligated *65 Early American Insurance Co. (American) to pay “any loss which is payable under this policy” which Western failed to pay. American was a duly admitted insurance company licensed to do business in Louisiana and covered by LIGA. Vinson, after receiving demand made by Melvin Johnson and finding both Western and American insolvent, filed a third party demand asking LIGA to assume American’s obligations and pay any claims for which it may be held liable. After severing the third party demand, the trial judge, upon submission of evidence and memoranda, found LIGA not responsible for obligations under the “cut through” endorsement and dismissed Vinson’s demand.
LAW
While this court feels constrained to reverse, we do so reluctantly. As the trial judge noted in his reasons for judgment, Vinson was a willing participant in the arrangement by which it first signed a contract for insurance with an out-of-state surplus-line carrier not covered by LIGA. Contemporaneously with the signing of the contract, it had a licensed carrier, covered by LIGA, provide an endorsement by which the licensed carrier agreed to pay any claims that the non-licensed carrier was unable to pay. This arrangement had the effect of circumventing the requirement that an insured first exhaust admitted carriers before turning to a non-admitted surplus-line carrier. See LSA-R.S. 22:1257. As a result of this arrangement, Vinson received a savings of $50,000 to $75,000. We also recognize that at all times involved in this action, Western, the non-admitted carrier, was a wholly-owned subsidiary of American, the admitted company which agreed to pay the claim that, its subsidy could not.
Vinson, knowing this, chose to purchase the coverage in order to retain the savings of lower premiums. While there is no crime in lowering costs and making a profit, Vinson failed to follow the old adage that “if it’s too good to be a good deal, then it probably isn’t.”
Fortunately, Vinson will not have to pay the price of failing to heed the adage. Under the previously decided cases of Martin Lumber Partnership v. Louisiana Insurance Guaranty Association, 534 So.2d 469 (La.App. 3d Cir.1988), writ denied, 537 So.2d 1162 (La.1989); Hill v. Robinson, 532 So.2d 795 (La.App. 4th Cir.1988), writ denied, 537 So.2d 1162 (La.1989); and Wilkerson v. Jimco, Inc., 499 So.2d 1245 (La.App. 4th Cir.1986), involving the same two insurers and the same “cut through” endorsement, both circuits found in favor of coverage by LIGA, and we feel constrained to do the same. It is unfortunate that companies who choose to pay the higher premium required by admitted companies are now going to be subsidizing LIGA coverage for those companies who chose to engage in this arrangement. We take solace in the fact that this arrangement is no longer possible. See LSA-R.S. 22:1379(8), as amended by Louisiana Acts 1989, No. 688 § 1. For these reasons, we reverse the ruling of the trial court; LIGA is cast for all cost of this appeal.
REVERSED AND REMANDED.[1]

. In view of the result reached by the majority of this court in the consolidated cases, CA 86 0708 and CA 89 1793, 577 So.2d 56, this case is remanded to await final disposition of the issues on the main demand.